Filed 7/2/15

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S219454 |
| v. | ) | |
| | ) | Ct.App. 2/3 B249651 |
| TIMOTHY WAYNE JOHNSON, | ) | |
| | ) | Los Angeles County |
| Defendant and Appellant. | ) | Super. Ct. No. YA038015 |
| _____ | ) | |
| | ) | |
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S219819 |
| v. | ) | |
| | ) | Ct.App. 2/1 B249557 |
| OSCAR MACHADO, | ) | |
| | ) | Los Angeles County |
| Defendant and Appellant. | ) | Super. Ct. No. YA036692 |
| _____ | ) | |

On November 6, 2012, the electorate passed Proposition 36, the Three Strikes Reform Act of 2012 (Proposition 36 or the Act). Proposition 36 reduced the punishment to be imposed with respect to some third-strike offenses that are neither serious nor violent, and provided for discretionary resentencing in some cases in which third-strike sentences were imposed with respect to felonies that are neither serious nor violent.

We granted review to resolve two issues related to the Act's resentencing provisions. First, in *People v. Johnson* (S219454), we address for purposes of

1

resentencing a defendant whether the classification of an offense as a serious or violent felony is determined as of November 7, 2012, the effective date of Proposition 36, or the law in effect when the offense was committed.  Second, in *People v. Machado* (S219819), we address whether an inmate who was convicted of both a serious or violent felony and a felony that is neither serious nor violent is eligible for resentencing with respect to the felony that is neither serious nor violent.  For the reasons set forth below, we hold that when a court resentences a third-strike defendant the classification of the current offense is based on the law as of the effective date of Proposition 36, and that the presence of a conviction of a serious or violent felony does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent.

## I.  FACTS

In 1998, a jury convicted Timothy Wayne Johnson of two counts of attempting to dissuade a witness.  (Pen. Code, § 136.1, subd. (a)(2); all further statutory references are to the Penal Code unless otherwise noted.)  The jury also found that he had suffered three prior convictions — robbery (§ 211), first degree burglary (§ 459), and assault with a firearm (§ 245, subd. (a)(2)).  Based on Johnson's prior convictions, the trial court sentenced him to two terms of 25 years to life under the Three Strikes law (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)), to be served concurrently, and an additional term of three years for the three prior prison terms (§ 667.5, subd. (b)).

In 1998, a jury convicted Oscar Machado of one count of first degree burglary and one count of second degree burglary.  (§§ 459, 460.)  The trial court found true the allegation that he had suffered two prior convictions, both for robbery (§ 211), and sentenced him to two terms of 25 years to life, to be served consecutively.  (§§ 667, subds. (c)(6), (e)(2), 1170.12, subds. (a)(6), (c)(2).)

2

As noted, in 2012, the electorate passed Proposition 36. The Act authorizes prisoners serving third-strike sentences whose "current" offense (i.e., the offense for which the third-strike sentence was imposed) is not a serious or violent felony to petition for recall of the sentence and for resentencing as a second-strike case. (§ 1170.126, subd. (f); see §§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)

Following the enactment of Proposition 36, Johnson filed a petition for recall of his sentence. The trial court denied his petition on the ground that his current offenses are serious or violent felonies, rendering him ineligible for recall of his sentence. Although his current offenses were not classified as serious or violent felonies when he committed them in 1998, the crime of intimidating a victim or witness (§ 136.1) was subsequently classified as a serious and violent felony by Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998, which the voters approved in 2000. (§§ 667.5, subd. (c)(20), 1192.7, subd. (c)(37).) The Court of Appeal agreed that a prisoner whose current offense was a serious or violent offense on November 7, 2012, the effective date of Proposition 36, is not eligible for resentencing, and affirmed the order.

Machado filed a petition for recall of his sentence for second degree burglary. The trial court denied his petition on the ground that his conviction for *first* degree burglary, which is a serious felony, rendered him ineligible for resentencing with respect to his second degree burglary conviction, which is neither serious nor violent. The Court of Appeal reversed that judgment, and directed the trial court to reconsider his eligibility for resentencing with respect to his conviction for second degree burglary.

For the reasons set forth below, we hold that when a court resentences a third-strike defendant the classification of an offense as serious or violent is based on the law as of November 7, 2012, the effective date of Proposition 36, and that the presence of a current offense that is serious or violent does not disqualify an

3

inmate from resentencing with respect to a current offense that is neither serious nor violent. Therefore, we affirm the appellate court judgments in both of these cases.

## II. DISCUSSION

### A. The Act

Prior to its amendment by the Act, the Three Strikes law required that a defendant who had two or more prior convictions of violent or serious felonies receive a third-strike sentence of a minimum of 25 years to life for any current felony conviction, even if the current offense was neither serious nor violent. (Former §§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A).)[1] The Act amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. In that circumstance, unless an exception applies, the defendant is to receive a second-strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); see §§ 667.5, subd. (c) [list of violent felonies], 1192.7 [list of serious felonies], 1192.8 [additional serious felonies for purposes of § 1192.7].)

The Act's exceptions to the new sentencing provisions relate to a defendant's current offense and prior offenses. If the current offense involves controlled substances and specified findings are made concerning the quantity of controlled substances involved, or if the current offense is among specified sex

---

[1] The Three Strikes law was enacted twice in 1994, first by the Legislature (§ 667, subds. (b)-(i); Stats. 1994, ch. 12, § 1, p. 71), and thereafter by the voters by way of Proposition 184 (§ 1170.12; see *People v. Superior Court* (1996) 13 Cal.4th 497, 504 (*Romero*)).

offenses, a defendant with two or more strikes must be sentenced to a term of at least 25 years to life.[2] (§§ 667, subd. (e)(2)(C)(i)-(ii), 1170.12, subd. (c)(2)(C)(i)-(ii).) A third-strike sentence is also required if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Finally, a defendant will be excluded from the new sentencing provisions if he or she suffered a prior conviction for specified sex offenses,[3] any homicide offense or attempted homicide offense defined in sections 187 through 191.5, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of

---

[2] The exceptions regarding controlled substances refer to Health and Safety Code section 11370.4, which imposes additional terms for possession, transportation or sale of controlled substances, based on findings concerning the kilograms of drugs involved, and Health and Safety Code section 11379.8, which imposes additional terms for the manufacture of controlled substances, based on findings of gallons or pounds of specified substances.

The specified current sex offenses are unlawful sexual intercourse with a minor under 16 years of age by a person 21 years of age or older (§ 261.5, subd. (d)); rape of a spouse (§ 262); and any felony that results in mandatory registration as a sex offender under section 290, subdivision (c), except violations of section 266 (enticement of an unmarried minor female for prostitution, and aiding and abetting procurement of a female for illicit intercourse), section 285 (incest), section 286, subdivision (b)(1) (sodomy with a person under 18 years of age), section 288a, subdivisions (b)(1) (oral copulation with a person under 18 years of age) and (e) (oral copulation while confined in state prison or local detention facility), section 311.11 (possession of child pornography), and section 314 (lewd or obscene conduct).

[3] The specified prior sex offenses are a "sexually violent offense" (see Welf. & Inst. Code, § 6600, subd. (b)); specified sex crimes with a child under 14 years of age who is more than 10 years younger than the defendant (§§ 286 [sodomy], 288a [oral copulation], 289 [sexual penetration]); and a lewd or lascivious act (§ 288) with a child under 14 years of age.

a weapon of mass destruction, or any serious or violent felony punishable in California by life imprisonment or death.  (§§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).)  These prior convictions are sometimes referred to as "super strikes."  (See, e.g., *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.)

In addition to reducing the sentence to be imposed for some third-strike felonies that are neither violent nor serious, the Act provides a procedure by which some prisoners already serving third-strike sentences may seek resentencing in accordance with the new sentencing rules.  (§ 1170.126.)  "An inmate is eligible for resentencing if  [¶] . . . [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent . . . ."  (§ 1170.126, subd. (e)(1).)  Like a defendant who is being sentenced under the new provisions, an inmate is disqualified from resentencing if any of the exceptions set forth in section 667, subdivision (e)(2)(C) and section 1170.12, subdivision (c)(2)(C) are present.  (§ 1170.126, subd. (e).)  In contrast to the rules that apply to sentencing, however, the rules governing resentencing provide that an inmate will be denied recall of his or her sentence if "the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)

In construing statutes adopted by the voters, we apply the same principles of interpretation we apply to statutes enacted by the Legislature.  (*People v. Park* (2013) 56 Cal.4th 782, 796.)  " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.' "  (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)  We begin with the language of the statute, to which we give its ordinary meaning and construe in the context of the statutory scheme.  If the language is ambiguous, we look to

other indicia of voter intent. (*People v. Park, supra*, at pp. 796-798; *People v. Briceno* (2004) 34 Cal.4th 451, 459.)

### B. For purposes of resentencing, what date determines the character of the current offense?

For defendant *Johnson*, the question on review is: for purposes of recall of a sentence under section 1170.126, is the classification of the current offense as a serious or violent felony determined as of the date the current offense was committed or as of November 7, 2012, the date Proposition 36 became effective? Proposition 36 amended sections 667.1 and 1170.125 to provide that "for all offenses committed on or after November 7, 2012, all references to existing statutes in [the Three Strikes statutes] are to those sections as they existed on November 7, 2012." (§§ 667.1, 1170.125.) In the context of resentencing under section 1170.126, however, we are concerned only with offenses committed *before* November 7, 2012. As explained below, section 1170.126's use of the present verb tense in describing the character of the current offense, the parallel structure of the sentencing and resentencing provisions, and the ballot arguments in support of Proposition 36 lead us to conclude that the classification of an offense as serious or violent for purposes of resentencing is based on the law as of November 7, 2012, the effective date of Proposition 36. Accordingly, resentencing is not available with respect to Johnson's conviction for the crime of attempting to dissuade a witness, which had been classified as a serious and violent felony prior to November 7, 2012.

Turning first to the statutory language, section 1170.126 describes those who may file a petition for recall of sentence as any person serving a third-strike sentence whose current conviction is for "a felony or felonies that *are* not defined as serious and/or violent felonies." (§ 1170.126, subd. (b), italics added.) Similarly, in its description of who is eligible for resentencing, the statute refers to

7

an inmate who is serving an indeterminate sentence for "a felony or felonies that *are* not defined as serious and/or violent." (§ 1170.126, subd. (e)(1), italics added.) The drafters' use of the present tense indicates that the present classification of felonies as serious or violent should control. (See *People v. Loeun* (1997) 17 Cal.4th 1, 10-11.)

Johnson notes that verb tense is not always determinative (see *People v. Jeffers* (1987) 43 Cal.3d 984, 992), and he relies instead on the proposition that the classification of prior offenses as serious or violent for purposes of three-strikes sentencing is generally based on the classification as of the date the current offense was committed. He contends that the same rule should apply in resentencing. To address his contention, it is necessary to review the history of the statutory provisions that set the date as of which the character of prior crimes as serious or violent is determined for purposes of the Three Strikes law.

As enacted in 1994, the Three Strikes law provided that references in that law to the statutes classifying felonies as serious or violent would be to those statutes as they existed as of June 30, 1993. (Prop. 184, enacted Nov. 8, 1994, § 2; former § 667, subd. (h), amended by Stats. 1994, ch. 12, § 1, pp. 71-75.) Thereafter, the Legislature classified additional crimes as serious or violent, but did not amend the date provision to add convictions for these crimes for use as strike priors under the Three Strikes law. Therefore, these additional serious or violent crimes that resulted in conviction did not qualify as strike prior convictions despite the fact that the current offense was committed after these particular prior offenses had been classified as serious or violent. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 577, fn. 11.)

In 2000, when Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998, reclassified certain felonies as serious or violent, it addressed this issue by also adding sections 667.1 and 1170.125 to the Penal Code.

8

These statutes provided that, with respect to offenses committed on or after the effective date of Proposition 21, references to existing statutes in the Three Strikes law were to the statutes as they existed on March 8, 2000, the effective date of Proposition 21. (Former §§ 667.1, 1170.125.) Consequently, a person being sentenced with respect to a third felony offense committed on or after March 8, 2000, whose prior felonies had been reclassified by Proposition 21 as serious or violent felonies, could be sentenced as a third-strike offender, despite the fact that the prior offenses were not classified as serious or violent at the time they were committed. (See *People v. Superior Court (Andrades)* (2003) 113 Cal.App.4th 817 [Prop. 21 determines whether a prior juvenile adjudication is a strike, even if the prior offense predated Prop. 21]; *People v. James* (2001) 91 Cal.App.4th 1147 [Prop. 21 determines whether a prior felony is serious or violent for purposes of sentencing under the Three Strikes law, even if the prior felony predated Prop. 21].)

Subsequent amendments to sections 667.1 and 1170.125 also required, with respect to crimes committed on or after the effective date of the amendments, that the sentence be based on the law as of the effective date of the amendments. When the Legislature enacted the Sex Offender Punishment, Control, and Containment Act of 2006, it amended section 667.1 to provide that "for all offenses committed on or after the effective date of this act, all references to existing statutes in subdivisions (c) to (g), inclusive, of Section 667, are to those statutes as they existed on the effective date of this act . . . ." (Stats. 2006, ch. 337, § 29, p. 2634.) Similarly, when Proposition 36 reformed the Three Strikes law, it amended sections 667.1 and 1170.125 to provide that, for offenses committed on or after its effective date, references in the Three Strikes law to existing statutes were to the statutes as they existed on November 7, 2012, the effective date of Proposition 36.

As this history reflects, since the enactment of sections 667.1 and 1170.125, sentencing under the Three Strikes law has been based on the status of prior crimes as serious or violent felonies as of the date the current offense was committed. In addition, as Johnson notes, when section 1170.125 was amended by Proposition 36 to update the reference date to the effective date of the Act (Nov. 7, 2012), the amendment expressly referred to section 1170.126, the *resentencing* provision. Therefore, Johnson concludes, the resentencing court should focus on the state of the law as of the date the current offense was committed, which in this case was 1998. As explained below, however, section 1170.125 has no application to crimes committed prior to the effective date of Proposition 36. In addition, Johnson's theory ignores the substantive effect of the repeated updating of the reference date, and is inconsistent with the Act's structure and purpose.

We begin with section 1170.125's reference to section 1170.126: "for all offenses committed on or after November 7, 2012 [the effective date of Prop. 36], all references to existing statutes in Sections 1170.12 and *1170.126* are to those sections as they existed on November 7, 2012." (§ 1170.125, italics added.) This reference to section 1170.126 is puzzling, because section 1170.125 concerns only offenses committed *after* Proposition 36 became effective, and section 1170.126 concerns the recall of sentences imposed *before* Proposition 36 revised the Three Strikes sentencing scheme. (See Couzens & Bigelow, Cal. Three Strikes Sentencing (2014) § 3:1, p. 3-5 ["On its face, the amendment makes no sense"].)

Johnson contends that because section 1170.125 continues to require that the character of prior strikes be determined based on the date the current offense was committed and expressly refers to section 1170.126, the two sections should be read together to require a court considering a petition for resentencing under section 1170.126 to apply the law in effect at the time of the commission of the

10

current offense.  In particular, he contends that the description in section 1170.126, subdivision (a) of those persons to whom the resentencing provision are intended to apply — persons serving a third-strike sentence "whose sentence under this act would not have been an indeterminate life sentence" — should be read to refer to those persons whose current sentence, *when imposed*, would not have been a third-strike sentence under Proposition 36's provisions.  He concludes that this interpretation "clarifies why section 1170.125 includes 1170.126 along with 1170.12.  For both, the determination of whether a second strike sentence is applicable depends on the date of the commission of the offense being punished."

As noted, however, section 1170.125 expressly applies only to offenses committed after the effective date of Proposition 36.  It therefore does not apply to offenses for which resentencing is sought, as all offenses for which resentencing may be sought occurred prior to the effective date of Proposition 36.  In addition, although the history of sections 667.1 and 1170.125 reflects that sentencing courts have historically been required to consider the law in effect at the time the current offenses were committed, the substantive effect of these statutes has been to base sentencing on the most recent classification of a defendant's prior convictions, despite the fact that the prior convictions on which a sentence is based were not serious or violent at the time they were committed.  Therefore, this history does not lead to the conclusion that in the context of resentencing, courts should look to the law in effect when the current offense was committed.

To resolve the ambiguity in the statutory language, we look to the Act as a whole and to legislative intent.  First, the parallel structure of the Act's amendments to the sentencing provisions and the Act's resentencing provisions reflects an intent that sentences imposed on individuals with the same criminal history be the same, regardless of whether they are being sentenced or resentenced.  Both the sentencing scheme and the resentencing scheme provide for

11

a second-strike sentence if the current offense is not a serious or violent felony, and they set forth identical exceptions to the new sentencing rules. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C), 1170.126, subd. (e)(2), (3).)

To the extent the sentencing and resentencing provisions differ, the difference supports the conclusion that resentencing is not authorized in cases in which the current offense is now considered serious or violent. A court imposing a sentence for a felony that is neither serious nor violent *must* sentence the defendant in accordance with the second-strike provisions unless an exception applies (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)), but a court considering a petition for resentencing with respect to such a felony has discretion to deny resentencing if the court "determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Thus, the Act is more cautious with respect to resentencing. Given that the Act *excludes* from its reforms defendants who are being sentenced in the first instance for the same crime as petitioner's current offense, it would be incongruous to *require* a court, absent an unreasonable risk of danger, to resentence an inmate such as petitioner. (§ 1170.126, subd. (g)(1).)

Second, interpreting the Act in a way that ignores the current classification of the character of the petitioner's crimes is inconsistent with the intent expressed in the arguments in support of Proposition 36. Those arguments reflect an intent to "make the punishment fit the crime" and "make room in prison for dangerous felons." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012), argument in favor of Prop. 36, p. 52, capitalization omitted (Voter Information Guide).) Given that petitioner's current crimes are now considered serious and violent, the intent reflected in the ballot arguments to "keep violent felons off the street" (*ibid.*) and "prevent[] dangerous criminals from being released early" (*id.*, rebuttal to argument against Prop. 36, p. 53) would not be served by interpreting the Act to

authorize a reduction in his sentence. There appears to be no reason that a three-strikes sentence fits defendant's crime of attempting to dissuade a witness only if the offense was committed after the enactment of Proposition 21, or that inmates who committed offenses that are now considered serious or violent should be given shorter sentences in order to make room for individuals who committed the identical offenses after such crimes were reclassified as serious or violent.

Johnson, however, reads the ballot materials to indicate that resentencing would be allowed if a person's current offense was not a serious or violent felony at the time it was committed. He cites the statement in the Attorney General's Summary that Proposition 36 "[a]uthorizes re-sentencing for offenders currently serving life sentences if third strike conviction *was* not serious or violent . . . ." (Voter Information Guide, *supra*, Prop. 36, title and summary, p. 48, italics added.) However, the ballot materials also included the Legislative Analyst's statement that "[t]he measure limits eligibility for resentencing to third strikers whose current offense *is* nonserious [and] non-violent . . . ." (*Id*., p. 50, italics added.) Thus, the verb tense used in the Attorney General's summary does not alter our conclusion.

In summary, the use of the present tense in the provisions describing the nature of the current conviction reflects an intent that the nature of the current conviction as serious or violent is based on its characterization as of the date of resentencing. In addition, the parallel structure of the Act's sentencing and resentencing provisions appears to contemplate identical sentences in connection with identical criminal histories, unless the trial court concludes that resentencing would pose an unreasonable risk to public safety. Finally, interpreting the scheme to allow resentencing despite the current classification of the offense as serious or violent is not supported by the arguments set forth in the ballot pamphlet. For these reasons, we hold that for purposes of resentencing under section 1170.126,

13

the classification of the current offense as serious or violent is based on the law as of November 7, 2012, the effective date of Proposition 36.

### C. Is an inmate who is serving an indeterminate life sentence for a serious or violent felony eligible to petition for recall of an indeterminate sentence for a felony that is neither serious nor violent?

As noted above, one of Machado's two indeterminate sentences was imposed for first degree burglary, a serious felony, and one was imposed for second degree burglary, a felony that is not classified as serious or violent (§ 1192.7, subd. (c)(18)), and he was sentenced consecutively on the two counts. (§§ 667, subd. (c)(6), 1170.12, subd. (a)(6).)  For the reasons set forth below, we conclude that the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis.  So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third-strike sentence of 25 years to life.

In support of their view that resentencing is allowed only if all of a prisoner's current offenses are neither serious nor violent, the People rely principally on subdivision (a) of section 1170.126, which states that the resentencing provisions "are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to [the third strike sentencing requirements], whose sentence under this act would not have been an indeterminate life *sentence*." (§ 1170.126, subd. (a), italics added.)  In the People's view, "sentence" in subdivision (a) unambiguously refers to an inmate's aggregate sentence.  Applying the People's interpretation, petitioner's "sentence" would remain an indeterminate life sentence.  Therefore, he would not come within the class of persons to whom the resentencing provisions are intended to apply.

14

"Sentence" is not defined in either the Penal Code or in the Act. In the context of the Three Strikes law, we have referred to both the term imposed for a single crime and to the aggregate term imposed for multiple crimes as a "sentence." (See *People v. Williams* (2004) 34 Cal.4th 397, 400-401 [referring to three concurrent "sentences" plus enhancements for prior convictions as an "aggregate sentence," which ran consecutively to a sentence in another case, resulting in "an overall net sentence"]; *People v. Garcia* (1999) 20 Cal.4th 490, 495 (*Garcia*) [referring to the "sentence" with respect to a single crime and to the "total sentence"].) Thus, "sentence" is ambiguous.

Historically, sentencing under the Three Strikes law has focused on the sentence to be imposed with respect to each count individually, as illustrated by our cases addressing the trial court's authority to dismiss prior strikes. (See *Romero*, *supra*, 13 Cal.4th 497 [Three Strikes law did not deprive trial courts of their authority under § 1385 to dismiss prior convictions for serious or violent felonies "in furtherance of justice"].) In *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*), we reviewed the principles that guide the exercise of discretion to dismiss strikes. We observed that the sentencing court must consider both the defendant's constitutional rights and society's interest in the prosecution of crimes. Therefore, a court may not dismiss a strike solely for judicial convenience, in exchange for a guilty plea, or based on antipathy to the Three Strikes law. Instead, in determining whether to strike a prior conviction, the trial court must look to "factors intrinsic to the [Three Strikes] scheme." (*Id*. at p. 161.) It "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he

15

had not previously been convicted of one or more serious and/or violent felonies." (*Ibid*.)

Subsequently, in *Garcia, supra,* 20 Cal.4th 490, we held that a trial court may exercise its discretion to dismiss a prior conviction allegation with respect to fewer than all counts. We noted that when a court dismisses a prior conviction allegation for purposes of sentencing, the action does not negate the conviction. Therefore, "a court might strike a prior conviction allegation in one context, but use it in another." (*Id*. at p. 496.) We could "discern no reason for applying [this principle] differently simply because two convictions are part of a single proceeding rather than two different proceedings. Such a distinction finds no support in logic, the language of section 1385, or any decision interpreting that section." (*Id*. at p. 499.)

We found additional support for our holding in the standards we set forth in *Williams, supra*, 17 Cal.4th 148, in which "we instructed trial courts to consider among other things, ' " 'individualized considerations' " ' [citation] 'such as the nature and circumstances of the defendant's present felonies' and his 'prospects.' [Citation.] In many cases, 'the nature and circumstances' of the various felonies described in different counts will differ considerably. A court might therefore be justified in striking prior conviction allegations with respect to a relatively minor current felony, while considering those prior convictions with respect to a serious or violent current felony." (*Garcia, supra*, 20 Cal.4th at p. 499.) In response to the Attorney General's contention that there is no basis for treating similar crimes differently, we noted that "[e]ven if the current offenses are virtually identical, a defendant's 'prospects' [citation] will differ greatly from one count to another because a Three Strikes sentence on one count will itself radically alter those prospects." (*Id*. at p. 500.) As an example, we noted that once the defendant in *Garcia* received a term of 30 years to life on one of his burglary convictions, "his

16

'prospects' for committing future burglaries diminished significantly." (*Ibid.*) Not only is the defendant's sentence "a relevant consideration when deciding whether to strike a prior conviction allegation[,] . . . it is the overarching consideration because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*Ibid.*)

Against this background, the voters approved Proposition 36's revisions to the Three Strikes law. The Act amended the law to provide that if a defendant has two or more prior strikes, "and the current offense is not a serious or violent felony . . . , the defendant shall be sentenced pursuant to [the second-strike sentencing requirements] unless the prosecution pleads and proves any of the [disqualifying factors.]" (§ 667, subd. (e)(2)(C); accord, § 1170.12, subd. (c)(2)(C).) In listing the disqualifying factors that relate to the current offense, it states that "[t]he current offense is" a specified drug offense or a specified sex offense, or "[d]uring the commission of the current offense," the defendant took certain actions with a firearm "or intended to cause great bodily injury." (§§ 667, subd. (e)(2)(C)(i)-(iii), 1170.12, subd. (c)(2)(C)(i)-(iii).) Nothing in the statutory language suggests that the sentencing revisions apply only if each of a defendant's current offenses is neither serious nor violent. Thus, post-Proposition 36, a defendant convicted of a serious or violent felony and a felony that is neither serious nor violent will receive a sentence of at least 25 years to life for the former and, absent a statutory exception, a more lenient two-strikes sentence for the latter.

Proposition 36's focus on individual counts in its sentencing revisions is consistent with the historical approach to sentencing under the Three Strikes law. In addition, the Act's more lenient sentencing with respect to felonies that are neither serious nor violent, despite a conviction of a serious or violent felony, reflects recognition of the fact that when a defendant has received an indeterminate life term on one count, the defendant's prospects for committing

17

additional crimes is diminished significantly. (See *Garcia, supra*, 20 Cal.4th at p. 500.) Finally, its focus on individual counts avoids the possibility that a defendant's sentence will depend on whether his or her counts are tried together or adjudicated in separate proceedings. As we observed in *Garcia*, there is "no reason for applying [different sentencing rules] simply because two convictions are part of a single proceeding rather than two different proceedings." (*Id*. at p. 499.)

A count-by-count approach to sentencing is also consistent with representations made to voters in support of the initiative. By focusing on each count, the amendments "make the punishment fit the crime." (Voter Information Guide, *supra*, argument in favor of Prop. 36, p. 52, capitalization omitted.) This approach also provides that "[r]epeat criminals will get life in prison for serious or violent third strike crimes," and "[r]epeat offenders of non-violent crimes will get more than double the ordinary sentence." (*Ibid*.) Because a person convicted of a serious or violent felony will receive a minimum sentence of 25 years to life for that offense (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)), and will not be granted parole if the Board of Parole Hearings determines that "consideration of the public safety requires a more lengthy period of incarceration" (§ 3041, subd. (b); see *In re Vicks* (2013) 56 Cal.4th 274, 294-295), "truly dangerous criminals will receive no benefits whatsoever from the reform." (Voter Information Guide, *supra*, argument in favor of Prop. 36, p. 52.) And by reducing the sentence imposed for a count that is neither serious nor violent, the amendments allow an inmate who is also serving an indeterminate life term to be released on parole earlier if the Board of Parole Hearings concludes he or she is not a threat to the public safety, thereby "mak[ing] room in prison for dangerous felons" and saving money that would otherwise be spent on incarcerating inmates who are no longer dangerous. (*Ibid*.)

18

A contrary approach in the context of resentencing would constitute a significant difference between the two schemes, but there is no mention of such a distinction in the election materials. Also, except for the resentencing statute's provision granting the trial court authority to deny resentencing if reducing the sentence would pose a danger to the public, the resentencing statute's exceptions to the new sentencing rules are the same factors that exclude a defendant from being sentenced pursuant to Proposition 36's more lenient provisions. (§ 1170.126, subd. (f); see §§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) This parallel scheme suggests that the sentencing rules are intended to be identical except in that one respect. In addition, in the same ways that sentencing on a count-by-count basis promotes the goals set forth in the ballot history of Proposition 36, resentencing on a count-by-count basis promotes those goals. Conversely, if a serious or violent count disqualified an inmate from resentencing on counts that are not serious or violent, the goals of making the punishment fit the crime, making room in prison for dangerous felons, and saving taxpayer money would be frustrated. Finally, given the trial court's discretion to deny resentencing if it finds that reducing a sentence would result in unreasonable risk to the public, we discern no reason that the measure would be crafted to categorically exclude inmates from its sentencing reforms solely because they committed serious or violent crimes prior to the passage of Proposition 36.

Rather than viewing the resentencing provisions in light of the historical approach to sentencing and in the context of the entire Three Strikes law, the People seek support for their position in other ambiguous language in section 1170.126. First, they cite subdivision (d), which states that the petition "shall specify all of the currently charged felonies, which resulted in the sentence under [the third-strike sentencing provisions], and shall also specify all of the prior convictions alleged and proved . . . ." They note the use of the singular "sentence"

19

in connection with the plural "felonies," and urge us to apply the presumption that "when a word is used in a particular sense in one part of a statute, it is intended to have the same meaning if it appears in another part of the same statute." (*People v. Dillon* (1983) 34 Cal.3d 441, 468.) They also contend that the reason this particular information is required to be included in the petition is to enable the trial court to determine whether there are any serious or violent current offenses, the presence of which will render an inmate ineligible for resentencing.

Our review of the language employed in section 1170.126 reflects that the drafters may not have intended the word "sentence" to have a singular meaning in all contexts. The statute also uses the word "term" to refer to punishment, which might suggest that "sentence" is employed to refer to the aggregate punishment, but "term" is also linked to the phrase "a felony or felonies" (§ 1170.126, subds. (b), (e)(1)), which might indicate that "term" refers to the aggregate term. In subdivision (c), however, "term" is used to refer to only the portion of an aggregate sentence imposed pursuant to the second-strike provisions of the Three Strikes law. Because "term" and "sentence" have been used interchangeably, and "term" clearly has more than one meaning in the statute, we cannot be confident that "sentence" has a consistent meaning throughout the statute. In any event, the presumption that a term has an identical meaning throughout a statute "is rebuttable if there are contrary indications of legislative intent." (*Delaney v. Baker* (1999) 20 Cal.4th 23, 41-42.) As discussed above, the legislative history supports the conclusion that resentencing is determined on a count-by-count basis.

With respect to the purpose of subdivision (d) of section 1170.126, the People assert that the list of current felonies allows the trial court to determine whether there are any serious or violent felonies, the presence of which will disqualify an inmate from resentencing. In our view, a more reasonable explanation for the information required to be set forth in the petition is found by

20

considering what has been proved and what remains to be proved. In prosecutions for felonies committed after Proposition 36 was enacted, the prosecutor will prove charged felonies, prior strikes, and, if the defendant has at least two prior strikes, any of the exceptions to second-strike sentencing that may apply with respect to felonies that are neither serious nor violent. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) In contrast, in a proceeding seeking resentencing, when an inmate prepares his or her petition, only the current offenses and the prior strikes that the prosecutor chose to prove in prosecuting the current offenses have been established, which is precisely the information required by subdivision (d). There are other facts and circumstances relevant to the decision whether to resentence the inmate, but these other facts and circumstances must be established in the resentencing proceeding; they are not established based on the petition for resentencing. Therefore, the fact that the statute requires a list of all current offenses does not establish an intent to disqualify from resentencing any inmate whose current offenses include one or more that are violent or serious.

The People also rely on the references to "felony or felonies" in subdivision (b) of section 1170.126, which describes who may request resentencing — "[a]ny person serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes sentencing requirements] upon conviction . . . of a *felony or felonies* that are not defined as serious and/or violent" (italics added) — and in subdivision (e), which states that "[a]n inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes sentencing requirements] for a conviction of a *felony or felonies* that are not defined as serious and/or violent . . . ." (Italics added.) This language might reflect an understanding that all of the third strikes must be neither serious nor violent in order for an inmate to be eligible for resentencing, as the People contend. Alternatively, inclusion of the plural

21

"felonies" might reflect a recognition that some inmates' current offenses include more than one that is neither serious nor violent and therefore might be subject to recall. Given the detailed provisions restricting eligibility for resentencing, it seems reasonable to assume that an intent to categorically prohibit resentencing if any one of the inmate's current offenses is serious or violent would have been expressly set forth in subdivision (e) rather than merely implied by ambiguous references to "felonies."

The People also assert that the three parts of subdivision (e) of section 1170.126 can be harmonized only by interpreting subdivision (e)(1) to render an inmate ineligible for resentencing if any current offense is serious or violent. Subdivision (e)(1) sets forth the requirement that the "felony or felonies" be neither serious nor violent; subdivision (e)(2) incorporates from the revised sentencing provisions of sections 667 and 1170.12 the list of current offenses and various circumstances (quantities of drugs, use of or arming with a firearm, and intent to inflict great bodily injury) that are exceptions to the new sentencing rules; and subdivision (e)(3) incorporates from sections 667 and 1170.12 the list of super strikes that disqualify a defendant from being sentenced in accordance with the new sentencing rules. (See *ante*, fns. 2 & 3.) The People assert that the presence of any of the exceptions set forth in subdivision (e)(2) and (3) disqualifies an inmate from resentencing on all counts, so the presence of any serious or violent felony should likewise disqualify an inmate from resentencing on all counts.

Clearly, if an inmate's prior convictions include any of the super strikes that are incorporated into section 1170.126, subdivision (e)(3), he or she will be disqualified from the resentencing provisions, because a *prior* offense is present as to each current offense. But the People fail to establish that if any of an inmate's current offenses is among the exceptions incorporated into subdivision (e)(2), the inmate is ineligible for resentencing as to all current offenses. Subdivision (e)(2)

22

sets forth as a condition for resentencing that "[t]he inmate's current sentence was not imposed for any of the offenses" set forth in the new sentencing provisions' list of current offenses that disqualify a defendant from the revised sentencing rules. This reference to the current "sentence" suffers from the same ambiguity as other references to "sentence" in section 1170.126. For the same reasons that the reference in subdivision (a) is to the sentence imposed with respect to a single count, the reference in subdivision (e)(2) appears to be to the sentence imposed with respect to an individual offense — sentencing has historically focused on individual counts. In summary: Proposition 36's new sentencing provisions address the eligibility for a more lenient sentence on a count-by-count basis; the sentencing and resentencing provisions have a parallel structure; there is no indication in the ballot materials that the presence of a current offense that does not qualify for more lenient sentencing has a significantly different consequence in the context of resentencing; evaluating eligibility for resentencing on a count-by-count basis promotes sentencing that fits the crime and prevents a distinction in punishment based solely on whether the counts were tried in the same prosecution; and reducing the term imposed on a current offense that is not among the exceptions to the revised sentencing rules, despite the presence of another current offense for which a term of 25 years to life must be served, promotes the legislative purposes of making room in prison for dangerous criminals while also protecting the public safety.

In support of their position, the People also cite an anomaly that results if resentencing is allowed on a count-by-count basis. If one of an inmate's *current* offenses is among the super strikes — those offenses that would disqualify the inmate from resentencing if it were a *prior* conviction — resentencing will be allowed with respect to counts that are neither serious nor violent despite the fact that resentencing would not be allowed if that super strike offense were a prior

23

offense instead of a current offense. This anomaly, however, is present in the initial sentencing provisions as well (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); see *People v. Briceno, supra*, 34 Cal.4th at p. 459 [statutory language is to be construed in the context of the statutory scheme of which it is a part]), and as noted above, it appears that the same sentencing rules are to apply in both contexts. Moreover, the People's interpretation also has the potential for an anomalous result. If the presence of a current offense that is serious or violent disqualified an inmate from resentencing on a current offense that is neither serious nor violent, an inmate who was prosecuted concurrently in separate proceedings would be eligible for resentencing in the case involving a felony that was not serious or violent, despite the fact of a conviction of a serious or violent felony in the other proceeding. (See *People v. Williams, supra,* 34 Cal.4th at p. 400 [same strikes applied in separate, unrelated cases].) No reason for this distinction appears.

In sum, section 1170.126 is ambiguous as to whether a current offense that is serious or violent disqualifies an inmate from resentencing with respect to another count that is neither serious nor violent. Considering section 1170.126 in the context of the history of sentencing under the Three Strikes law and Proposition 36's amendments to the sentencing provisions, and construing it in accordance with the legislative history, we conclude that resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent. Because an inmate who is serving an indeterminate life term for a felony that is serious or violent will not be released on parole until the Board of Parole Hearings concludes he or she is not a threat to the public safety, resentencing with respect to another offense that is neither serious nor violent does not benefit an inmate who remains dangerous. Reducing the inmate's base term by reducing the sentence imposed for an offense that is

24

neither serious nor violent will result only in earlier consideration for parole. If the Board of Parole Hearings determines that the inmate is not a threat to the public safety, the reduction in the base term and the resultant earlier parole date will make room for dangerous felons and save funds that would otherwise be spent incarcerating an inmate who has served a sentence that fits the crime and who is no longer dangerous.

## III. CONCLUSION

In *People v. Johnson* (S219454), we hold that for purposes of resentencing under section 1170.126, the characterization of the current offense as serious or violent is based on the law as of the effective date of Proposition 36, November 7, 2012. In *People v. Machado* (S219819), we hold that an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent. Therefore, we affirm the judgment of the Court of Appeal in each case.

**CANTIL-SAKAUYE, C. J.**

**WE CONCUR:**

**WERDEGAR, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

25

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Johnson and People v. Machado

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 226 Cal.App.4th 620 & 226 Cal.App.4th 1044
**Rehearing Granted**

_____

**Opinion No.** S219454 & S219819
**Date Filed:** July 2, 2015

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** William C. Ryan

_____

**Counsel:**

Suzan E. Hier, under appointment by the Supreme Court, for Defendant and Appellant Timothy Wayne Johnson.

Larry Pizarro, under appointment by the Supreme Court, for Defendant and Appellant Oscar Machado.

Kamala D. Harris, Attorney General, Dane R. Gillette and Gerald A. Engler, Chief Assistant Attorneys General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson, Shawn McGahey Webb, Noah P. Hill, Jonathan J. Kline and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

1

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Suzan E. Hier
California Appellate Project
520 S. Grand Avenue, 4th Floor
Los Angeles, CA  90071
(213) 243-0300

Larry Pizarro
California Appellate Project
520 S. Grand Avenue, 4th Floor
Los Angeles, CA  90071
(213) 243-0300

Carl N. Henry
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
(213) 897-2055

Jonathan J. Kline
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
(213) 576-1341