Filed 8/20/15  P. v. Patton CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PERRELL C. PATTON,<br><br>    Defendant and Appellant. | B258914<br><br>(Los Angeles County<br>Super. Ct. No. YA048679) |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Reversed and remanded.

Wayne C. Tobin for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

In 2003, this division affirmed the judgment following defendant Perrell C. Patton's convictions for carjacking, attempted kidnapping for carjacking, evading police officers, and possession of cocaine. Defendant was sentenced to three consecutive indeterminate terms of 25 years to life. The court also imposed sentences for various enhancements and stayed the sentence for attempted kidnapping for carjacking pursuant to Penal Code section 654.

After the voters passed Proposition 36, the Three Strikes Reform Act of 2012 (now codified at Pen. Code, § 1170.126), defendant filed a petition for recall of sentence. Defendant acknowledged that two of the four triggering offenses were serious or violent felonies (carjacking and attempted kidnapping), but he sought resentencing on the two felonies that were not serious or violent (evasion of a peace officer and possession of cocaine). The trial court denied the petition.

Recently, in *People v. Johnson* and *People v. Machado* (2015) 61 Cal.4th 674, 695 (*Johnson/Machado*), the Supreme Court held "an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." This court requested that counsel submit letter briefs stating how *Johnson/Machado* affects the disposition of this appeal. We have received the parties' briefs. There is no dispute that defendant is entitled to a hearing on his petition for recall of sentence. Respondent requests that we order the trial court on remand to make further eligibility findings to determine whether defendant poses an unreasonable risk of danger to public safety with respect to the counts that are not serious or violent felonies. We decline to tell the trial court how to proceed, apart from reversing the order denying the petition and remanding for further proceedings in conformance with *Johnson/Machado*.

## DISPOSITION

The order denying the petition for recall of sentence under Penal Code section 1170.126 is reversed. The matter is remanded for further proceedings in conformance with *Johnson/Machado*.

GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.          FLIER, J.