Filed 11/23/15  P. v. McKnight CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B260387 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.TA047574) |
| v. | |
| LONNIE JAMES MCKNIGHT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Reversed and remanded.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Lonnie James McKnight appeals from an order denying his motion for recall and resentencing pursuant to Proposition 36, the Three Strikes Reform Act of 2012 (the Act). He contends that the trial court erred by finding him ineligible for resentencing on one of his current convictions. In light of *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 1997, a jury convicted McKnight of second degree robbery (Pen. Code, § 211, count 1),[1] receiving stolen property (§ 496, subd. (a), count 3), possession of a controlled substance, cocaine (Health & Saf. Code, § 11350, subd. (a), count 4), and giving false information to a police officer, a misdemeanor (§ 148.9, subd. (a), count 5). McKnight admitted suffering prior "strike" convictions for serious or violent felonies. (§§ 667, subds. (b) – (i), 1170.12, subds. (a)-(d).) The trial court sentenced McKnight to a term of 60 years to life pursuant to the Three Strikes law, comprised of consecutive 25 years to life terms on the robbery and possession of a controlled substance offenses, and two 5-year prior serious felony enhancements pursuant to section 667, subdivision (a), to run consecutive to the indeterminate terms. The court stayed sentence on count 3 and dismissed count 5. We affirmed the judgment. (*People v. McKnight* (Nov. 5, 1998, B116768) [nonpub. opn.].)[2]

On November 6, 2012, California voters approved the Act, which amended the Three Strikes law effective November 7, 2012. (*Johnson, supra,* 61 Cal.4th at p. 679; *People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1203.) Prior to passage of the Act, a defendant convicted of two prior serious or violent felonies was subject to a 25 years to life sentence upon his or her conviction of *any* additional felony. (*Johnson, supra,* at p. 680; *People v. Jernigan, supra,* at p. 1203; *People v. Superior Court (Kaulick)* (2013)

---

[1] All further undesignated statutory references are to the Penal Code.

[2] We take judicial notice of our unpublished opinion in McKnight's direct appeal. (Evid. Code, §§ 459, subd. (a), 452, subd. (d).)

2

215 Cal.App.4th 1279, 1285 (*Kaulick*).)  Under amended sections 667 and 1170.12, a defendant who has been convicted of two prior strikes is subject to such a sentence only if the current, third felony is itself serious or violent, or if certain enumerated exceptions apply.  (§§ 1170.12, subd. (c)(2)(C), 667, subd. (e)(2)(C); *Johnson, supra,* at p. 681; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168; *Kaulick*, at p. 1286.)  Absent such exceptions, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony.  (*Johnson, supra,* at p. 681.)

The Act also added section 1170.126,[3] which created a resentencing procedure for prisoners serving indeterminate terms under the former version of the Three Strikes law,

---

[3]     Section 1170.126 provides in pertinent part:  "(a)  The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.  [¶] (b)  Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.  [¶] . . . [¶]  (e)  An inmate is eligible for resentencing if:  [¶]  (1)  The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.  [¶]  (2)  The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.  [¶]  (3)  The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.  [¶]  (f)  Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e).  If the petitioner satisfies the

3

who would not have been sentenced to such terms under the Act.  (*Johnson, supra,* 61 Cal.4th at p. 682.)  An eligible prisoner may file a petition to recall his or her sentence in the trial court and seek resentencing as a second strike offender.  (§ 1170.126, subds. (b), (e); *Johnson, supra,* at p. 682; *Kaulick, supra,* 215 Cal.App.4th at p. 1286.)  Resentencing of eligible inmates may nonetheless be refused if the trial court, in its discretion, determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f); *Johnson, supra,* at p. 682; *Kaulick*, at p. 1286.)

On February 10, 2014, McKnight petitioned for recall of his sentence pursuant to section 1170.126  and sought appointment of counsel.  He also requested that his prior convictions be stricken pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  On March 17, 2014, the trial court denied the recall petition with prejudice, on the ground that one of McKnight's current convictions was for robbery, a violent felony, and therefore he was statutorily ineligible for resentencing on either of his current offenses.  McKnight challenged the trial court's ruling by filing a petition for writ of mandate, which this court denied on June 10, 2014.  On October 31, 2014, McKnight, then represented by counsel, again moved for recall of sentence and resentencing on the Health and Safety Code section 11350, subdivision (a) offense.  On November 7, 2014, the trial court dismissed the petition because McKnight's prior petition had been denied with prejudice, and in any event, the prior ruling denying the motion was legally sound.

McKnight appeals from the trial court's November 7, 2014 ruling.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)

---

criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

DISCUSSION

After the parties completed initial briefing, the California Supreme Court held in *Johnson* that an inmate is eligible for resentencing under section 1170.126 on a current conviction that is neither serious nor violent, even though he or she has another current conviction that is serious or violent. (*Johnson, supra,* 61 Cal.4th at pp. 679-680.) The court reasoned that historically, sentencing under the Three Strikes law has focused on the sentence to be imposed with respect to each individual count. (*Id.* at pp. 688-689.) The Proposition 36 ballot materials did not suggest that the electorate intended to apply a different approach in the context of resentencing under section 1170.126. (*Johnson*, at pp. 690-691, 694.) Moreover, evaluating resentencing eligibility on a count-by-count basis promotes sentencing that fits the crime, effectuates the voters' intent of making room in prison for dangerous criminals while protecting public safety, and prevents a distinction in punishment based on whether the counts were tried in the same prosecution. (*Id.* at p. 694.) Accordingly, *Johnson* concluded that the Act "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Id.* at p. 688.)[4]

Here, McKnight's current crimes are second degree robbery (§ 211) and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a).) Robbery is a serious and violent felony. (§§ 667.5, subd. (c)(9); 1192.7, subd. (c)(19).) Possession of a controlled substance is neither, absent additional circumstances, such as, for example, the use of a firearm in commission of the felony. (See § 1192.7, subd. (c)(8).) Under *Johnson,* the fact McKnight was convicted of robbery does not make him ineligible as a matter of law for recall of sentence and resentencing on the possession of a

---

[4]    We invited the parties to submit supplemental briefing in light of *Johnson.* We have considered the letter brief submitted by the People. Appellant declined to submit additional briefing.

5

controlled substance conviction. Accordingly, we reverse the trial court's order and remand for a new hearing at which the court should determine McKnight's eligibility for recall and resentencing on the possession of a controlled substance conviction in accordance with section 1170.126, subdivisions (e) and (f).[5] (See *People v. Jernigan, supra,* 227 Cal.App.4th at p. 1204 ["First, the trial court must determine whether an inmate is eligible for resentencing. And second, the trial court must evaluate whether resentencing an eligible inmate would pose an unreasonable risk of danger to the public"].)[6]

---

[5]  McKnight states in passing that he "might qualify for recall of his felony sentence" on the possession of a controlled substance count "pursuant to Proposition 47." This issue is not properly before us and we do not understand McKnight to assert it as an additional and distinct claim.

[6]  In their opening brief, filed before *Johnson* was decided, the People argued that because McKnight has appealed from a "successive recall petition," his appeal should be dismissed. In the context of habeas corpus petitions, it "has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected." (*In re Clark* (1993) 5 Cal.4th 750, 767; see also *In re Reno* (2012) 55 Cal.4th 428, 457-458; *Gomez v. Superior Court* (2012) 54 Cal.4th 293, 308.) However, in their supplemental letter brief the People abandon this contention because, in light of *Johnson,* McKnight would be entitled to relief on habeas corpus in any event. We agree that dismissal of McKnight's appeal would not serve the interests of judicial economy. Moreover, even a successive habeas petition is cognizable where there has been a change in the law. (*In re Clark, supra,* at p. 775 ["claims which are based on a change in the law which is retroactively applicable to final judgments will be considered if promptly asserted and if application of the former rule is shown to have been prejudicial"]; see generally *In re Reno, supra,* at pp. 457-458.) Here, *Johnson* resolved a split of authority and requires a different result than that rendered in the trial court and on McKnight's writ petition. Therefore, assuming arguendo the bar to successive habeas petitions articulated in *Clark* applies by analogy to section 1170.126 petitions, it is inapplicable here.

## DISPOSITION

The trial court's order dismissing McKnight's petition for recall of sentence is reversed and the matter is remanded for further proceedings consistent with the opinions expressed herein.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, Acting P. J.


We concur:


LAVIN, J.


JONES, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.