Filed 1/12/16  P. v. Bess CA4/3
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL EDWARD BESS,<br><br>    Defendant and Appellant. | G049721<br><br>(Super. Ct. No. 96CF3190)<br><br>O P I N I O N |

Appeal from a postjudgment order after judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Reversed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In 1997, defendant Daniel Edward Bess, who had previously suffered two convictions for robbery, was found guilty of robbery while armed with a firearm, second degree burglary, and receiving stolen property. The trial court sentenced defendant to two consecutive 25-years-to-life prison terms under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12; all further statutory references are to this code) on the robbery and burglary counts, and stayed punishment on the latter charge. This court affirmed his conviction and sentence. (*People v. Bess* (Mar. 30, 1999, G021682) [nonpub. opn.].)

After the electorate approved Proposition 36, which enacted the Three Strikes Reform Act of 2012 (§§ 667, 1170.12, 1170.126; Act), defendant petitioned to be resentenced on his burglary conviction. The trial court dismissed the petition. It concluded defendant could not satisfy the eligibility requirements of section 1170.126, subdivision (e)(1) and (2) because his robbery conviction constituted both a serious and a violent felony (§§ 667.5, subd. (c)(9), 1192.7, subd. (c)(19)), and he was armed during the commission of that offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)). Defendant appealed from this order. Initially, we concluded the trial court properly dismissed the petition and affirmed its ruling.

Defendant filed a petition for review with the Supreme Court and that Court granted the petition. (*People v. Bess*, review granted June 24, 2015, S226470.) After the Court issued its decision in *People v. Johnson* (2015) 61 Cal.4th 674, it transferred defendant's appeal to this court for reconsideration in light of *Johnson*.

We now conclude the trial court's postjudgment order must be reversed. In *Johnson*, the Supreme Court concluded "the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis," and thus "an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike

2

sentence of 25 years to life." (*People v. Johnson, supra,* 61 Cal.4th at p. 688; *People v. Lynn* (2015) 242 Cal.App.4th 594, 598.)

Defendant was sentenced to 25-years-to-life on two crimes. One was robbery with a finding that he was armed with a firearm when committing the offense. As noted, he is not eligible for resentencing on this conviction. The other crime was second degree burglary, which arose from defendant's participation in breaking into a pickup truck and stealing speakers. Second degree burglary is neither a serious nor a violent felony. Although the police discovered a handgun nearby when they apprehended defendant a short time after the burglary, the record before us does not reflect that he was armed with the weapon during the commission of this crime. Thus, defendant is potentially eligible for resentencing on the burglary conviction.

Consequently, we reverse the postjudgment order and remand the matter to the superior court to further evaluate defendant's eligibility and entitlement to be resentenced for his conviction of second degree burglary.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


IKOLA, J.

3