Filed 9/27/16  P. v. Nix CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B271437 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA237123-01) |
| v. | |
| BRANDON DEJUAN NIX, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David M. Horwitz, Judge.  Affirmed.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In November 2002, defendant Brandon Nix pled guilty to felony robbery under Penal Code[1] section 211. The trial court placed him on formal probation for three years and ordered him to serve 365 days in county jail. In June 2004, Nix admitted to violating the terms of his probation. The court revoked and then reinstated Nix's probation with modified terms. The court imposed, but suspended execution of, a three-year prison term and ordered Nix to participate in a 52-week domestic violence program. In September 2004, the court again revoked Nix's probation after he was arrested and charged with murder in a new case (Los Angeles Superior Ct. No. YA059803).[2] In February 2006, the court found Nix violated the terms of his probation and sentenced him to three years in prison on his robbery conviction.

On January 29, 2016, Nix filed a petition requesting the court to designate his 2002 felony robbery conviction as a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act. On March 1, 2016, the court denied Nix's petition, finding a felony violation of section 211 is not eligible to be designated as a misdemeanor under Proposition 47. Nix filed a timely notice of appeal from the court's order denying his petition.

We appointed counsel to represent Nix on appeal. After examining the record, Nix's counsel filed an opening brief under *People v. Wende* (1979) 25 Cal.3d 436, identifying no arguable issues and requesting this court to conduct an independent review of the record. On June 29, 2016, we notified Nix he had 30 days to submit in writing any issues or contentions he wanted us to consider. Nix did not file a response.

Proposition 47 reclassified certain drug and theft offenses, which had previously been felonies or "wobblers," as misdemeanors. (*In re J.L.* (2015) 242 Cal.App.4th 1108, 1112.) Robbery, however, is a serious and violent felony not subject to recall of sentence

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     On our own motion, we take judicial notice of our nonpublished opinions in Nix's two prior appeals: *People v. Nix* (August 31, 2007, B191854) and *People v. Nix* (June 10, 2016, B268731).

under Proposition 47.  (§§ 211, 667.5, subd. (c)(9), 1170.18, 1192.7, subd. (c)(19); *People v. Lynn* (2015) 242 Cal.App.4th 594, 599.)  We have reviewed the entire record and are satisfied Nix's counsel has complied fully with her responsibilities as counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119.)

**DISPOSITION**

The trial court's order denying Nix's petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

ALDRICH, Acting P. J.

STRATTON, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.