Filed 10/19/15  P. v. Taylor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077850 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM013918, CM011807) |
| v. | |
| MONTE KIM TAYLOR, | |
| Defendant and Appellant. | |

Defendant Monte Kim Taylor is serving two consecutive 25-year-to-life terms under the three strikes law for vehicle manslaughter with gross negligence and child endangerment.  He appeals from the trial court's denial of his petition for Penal Code[1] section 1170.126 resentencing because one of his current convictions is for a serious felony, rendering him ineligible for resentencing as to both convictions.  He contends the serious felony conviction does not preclude resentencing for a felony that is not serious or

---

[1]      Undesignated statutory references are to the Penal Code.

1

violent. Based on a recent opinion from our Supreme Court, we shall reverse the trial court's order and remand for further proceedings.

On October 25, 1999, a car driven by defendant crashed, killing his wife. Defendant's eight-year-old son was a passenger in the rear seat of the vehicle. Defendant appeared intoxicated at the scene. He had been drinking beer and took some Vicodin before driving the car. Defendant's car had attained a speed of between 80 and 85 miles per hour before the accident.

A jury found defendant guilty of vehicular manslaughter with gross negligence and felony child endangerment. (*People v. Taylor* (Mar. 27, 2003, C039454) [nonpub. opn.] at p. 1.) The trial court sustained three prior strike allegations and sentenced defendant to consecutive 25-year-to-life terms. (*Ibid.*) This court affirmed his conviction on appeal in an unpublished opinion. (*Ibid.*)

Defendant filed a section 1170.126 petition for resentencing. The prosecution's opposition argued that the vehicular manslaughter conviction, a serious felony (see § 1192.8, subd. (a)), rendered defendant ineligible for resentencing on that count and for the child endangerment conviction, even though that crime was not a serious or violent felony. The trial court agreed with the prosecution and denied the petition, finding defendant ineligible for resentencing on either count.

Following the passage of Proposition 36, a defendant, subject to exceptions not relevant here, is no longer subject to a three strikes sentence for a crime that is neither a serious nor a violent felony. (§§ 667, subd. (e)(2)(A), (e)(2)(C), 1170.12, subd. (c)(2)(A), (c)(2)(C); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170.) Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition for resentencing as a second strike offender. (§ 1170.126, subd. (a).)

This case turns on whether defendant's conviction and three strikes sentence for the vehicular manslaughter conviction, a serious felony, renders him ineligible for

resentencing on his felony child endangerment conviction, which is not a serious or violent felony. In a case decided after the conclusion of briefing in this case, the California Supreme Court held "that an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 695.)

The Supreme Court's holding is dispositive. We asked for supplemental briefing on *Johnson*, and the Attorney General *conceded* that *Johnson* requires reversing the trial court's ineligibility finding on the felony child endangerment conviction and a remand for further proceedings. Since the trial court did not address any other eligibility issues or whether resentencing defendant would pose an unreasonable risk of danger to public safety (§ 1170.126, subd. (f)), we shall reverse and remand for additional proceedings on the petition.

## DISPOSITION

The trial court's order finding defendant ineligible for resentencing on his felony child endangerment conviction is reversed and the case is remanded to the trial court for additional proceedings on defendant's resentencing petition consistent with this opinion.

/s/
Robie, Acting P. J.

We concur:

/s/
Butz, J.

/s/
Hoch, J.

3