Filed 11/9/15  P. v. Carter CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | Nos. B260408, B262401 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA013303) |
| v. | |
| MELVYN VINCENT CARTER, | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, William C. Ryan, Judge.  No. B260408 is reversed and remanded with directions; No. B262401 is dismissed as moot.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In two related appeals Melvyn Vincent Carter challenges the denial of his petitions for recall of sentence and resentencing pursuant to Penal Code section 1170.126,[1] part of the Three Strikes Reform Act of 2012 (Proposition 36). We reverse the order denying his initial petition in light of the Supreme Court's decision in *People v. Johnson* (2015) 61 Cal.4th 674 and remand for further proceedings in accordance with the procedures specified in section 1170.126. We dismiss his appeal from the order denying his second petition as moot.

## APPEAL No. B260408

Carter was convicted in 1997 of grand theft (§ 487, subd. (c)) and robbery (§ 211) with true findings he had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a), and two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(d); 1170.12). Carter was sentenced as a third strike offender to an aggregate state prison term of 55 years to life, consisting of two consecutive indeterminate terms of 25 years to life plus five years for the prior serious felony enhancement.

On October 30, 2014 Carter filed a petition for recall of his sentence under Proposition 36. On November 10, 2014 the superior court denied the petition, finding Carter ineligible because one of his commitment offenses, robbery, is a violent felony. (See § 1170.126, subd. (e)(2).) Carter filed a timely notice of appeal from the order.

*People v. Johnson, supra,* 61 Cal.4th 674, decided during the pendency of this appeal, held Proposition 36 "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Johnson*, at p. 688.)

Although Carter's conviction for robbery is a disqualifying conviction under section 1170.126, pursuant to *Johnson* he is nonetheless eligible for recall of his third-

---

[1]    Statutory references are to this code.

2

strike sentence for grand theft. On remand Carter must be resentenced as a second strike offender for grand theft pursuant to section 1170.126, subdivision (f), if he satisfies all the criteria set forth in subdivision (e), "unless the court, in its discretion determines that resentencing [Carter] would pose an unreasonable risk of danger to public safety."

## APPEAL No. B262401

On December 2, 2014 Carter filed a second petition for recall of his sentence and resentencing, which the superior court dismissed based on its November 10, 2014 order denying Carter's earlier petition with prejudice. Carter filed a timely notice of appeal from the second order. This appeal is dismissed as moot.

## DISPOSITION

In B260408 the order of November 10, 2014 is reversed and the matter remanded with directions to the superior court to grant the petition for recall of sentence and to determine in compliance with the procedures specified in section 1170.126 whether Carter is eligible under section 1170.126, subdivision (e), for resentencing on his conviction for grand theft, and, if so, to resentence Carter on that conviction, "unless the court, in its discretion, determines that resentencing [Carter] would pose an unreasonable risk of danger to the public safety," under section 1170.126, subdivision (f). In B262401 the appeal is dismissed as moot.


PERLUSS, P. J.


We concur:



ZELON, J.                    BECKLOFF, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.