Filed 12/2/15  P. v. Denize CA6
Opinion on Remand

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039974 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 179647) |
| v. | |
| MAX HENRY DENIZE, | |
| Defendant and Appellant. | |

Defendant Max Henry Denize is currently serving two consecutive "Three Strikes" life sentences for 1996 convictions for grand theft (Pen. Code, § 484, 487, subd. (a))[1] and assault with a deadly weapon (§ 245, subd. (a)(1)) (with a true finding on an allegation of personal use of a deadly weapon (§ 1192.7, subd. (c)(23)).  Defendant filed a petition for resentencing under section 1170.126.  Without appointing counsel, the superior court denied defendant's petition because his assault conviction was a serious felony.  On appeal, defendant contends that the superior court erred in failing to appoint counsel to represent him on his petition and in denying his petition.[2]  He maintains that

---

[1]     Subsequent statutory references are to the Penal Code.

[2]     We need not separately address defendant's claim concerning the court's failure to appoint counsel as we will direct the court to appoint counsel upon remand.

his Three Strikes life sentence for grand theft was eligible for resentencing under section 1170.126.

In *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), the California Supreme Court held that section 1170.126 "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third-strike sentence of 25 years to life." (*Johnson*, at p. 688.) Defendant's grand theft conviction is neither serious nor violent. Therefore, under *Johnson*, the superior court's reason for denying defendant's petition is invalid.

The superior court's order is reversed. On remand, the superior court is directed to appoint counsel for defendant to represent him on his petition.

_____
Mihara, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.



_____
Grover, J.



People v. Denize
H039974

3