Filed 12/4/15  P. v. Williams CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B260397 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA031805) |
| v. | |
| RODNEY ALLEN WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Rodney Allen Williams was convicted in 2000 of the following offenses: count 1— first degree residential burglary (Pen. Code, § 459)[1]; counts 2 and 5 — false imprisonment by violence or menace (§ 236); and count 4 — receiving stolen property (§ 496). The jury found Williams personally used a firearm in the commission of the burglary and false imprisonment counts. (§ 12022.5.) The trial court imposed consecutive indeterminate 25 years to life sentences for the convictions of burglary, one of the false imprisonments, and receiving stolen property. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)[2]

In 2012 the voters enacted The Three Strikes Reform Act (Proposition 36), which in part created a procedure allowing an inmate sentenced to an indeterminate term under the three strikes law to petition the trial court for resentencing if the current offense is not a serious or violent felony. (§ 1170.126.) Williams filed a petition seeking resentencing only as to the receiving stolen property count, arguing that his receiving stolen property conviction is not a serious or violent felony. The trial court denied the petition on the basis that one of Williams's convictions, for burglary with use of a firearm under section 12022.5, was a serious and violent felony rendering him ineligible for relief as to all counts. Williams filed a timely notice of appeal.

In our prior opinion in this matter, we affirmed the denial of Williams's section 1170.126 petition for the reasons stated by the trial court. Williams filed a petition for review with the California Supreme Court. The California Supreme Court granted review and returned the cause to this court in light of its subsequent holding in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*).

*Johnson*, *supra*, 61 Cal.4th at page 679 held, in part, "that the presence of a conviction of a serious or violent felony does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent." Pursuant to *Johnson*,

---

[1] All statutory references are to the Penal Code.

[2] The fourth count resulted in a concurrent sentence and is not at issue in this appeal.

the order denying the section 1170.126 petition is reversed, and the cause is remanded for further proceedings to determine Williams's eligibility for relief under section 1170.126 as to the receiving stolen property conviction in count 4.


KRIEGLER, J.

We concur:


TURNER, P. J.


BAKER, J.

3