Filed 12/18/15  P. v. Becerra CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B263874 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. NA077776) |
| ANTHONY DAVID BECERRA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed in part; affirmed in part.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Viet H. Nguyen , Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, Anthony David Becerra, appeals from an order denying his Penal Code section 1170.126**1** petition to recall his indeterminate sentences. We reverse the denial order solely as to his methamphetamine possession conviction and remand for further proceedings as to that count only.

On November 3, 2008, defendant was sentenced to consecutive 25-years-to-life terms for: firearm assault (former § 245, subd. (a)(2), Stats. 2004, ch. 494, § 1, p. 4040) (count 1), a serious felony (§ 1192.7, subd. (c)(31)); criminal threats (former § 422, Stats. 1998, ch. 825, § 3, pp. 5161-5162) (count 3), a serious felony (§ 1192.7, subd. (c)(38)); and methamphetamine possession (former Health & Saf. Code, § 11377, subd. (a), Stats. 2002, ch. 664, § 131, p. 3860) (count 4), a nonviolent and nonserious felony. (§§ 667.5, subd (c); 1192.7, subd. (c)). On February 6, 2015, defendant filed his resentencing petition. On February 27, 2015, defendant's resentencing petition was denied. The trial court ruled: "One of [d]efendant's current convictions is for criminal threats . . . , which is a serious felony under . . . section 1192.7[, subdivision] (c)(38). This conviction makes [d]efendant ineligible for resentencing pursuant to . . . section 1170.126[, subdivision] (e)(1)."

On July 2, 2015, in *People v. Johnson* (2015) 61 Cal.4th 674, 688 (*Johnson*), our Supreme Court held: "[T]he [Three Strikes Reform Act] requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third-strike sentence of 25 years to life."

As noted above, methamphetamine possession is neither a serious nor a violent felony. (§§ 667.5, subd. (c), 1192.7, subd. (c).) Defendant asserts, the Attorney General concedes and we agree that, viewed on a count-by-count basis, defendant is eligible for resentencing on his methamphetamine possession count. (*Johnson, supra,* 61 Cal.4th at

---

**1** Further statutory references are to the Penal Code except where otherwise noted.

2

p. 688)  This is because defendant is serving an indeterminate life term imposed for methamphetamine possession, a nonserious, nonviolent felony conviction.  (§ 1170.126, subd. (e)(1).)  Further, methamphetamine possession is not one of the offenses appearing in sections 667, subdivision (e)(2)(C)(i)-(iii) or 1170.12, subdivision (c)(2)(C)(i)-(iii).  (§ 1170.126, subd. (e)(2).)  And, according to the record before us, defendant has no prior conviction for any of the offenses appearing in sections 667, subdivision (e)(2)(C)(iv) or 1170.12, subdivision (c)(2)(C)(iv).  (§ 1170.126, subd. (e)(3).)  The Attorney General impliedly concedes it has no record of any such prior conviction.

The order denying the resentencing petition in its entirety is reversed in one respect.  Upon remittitur issuance, the trial court shall resentence defendant on his methamphetamine possession conviction unless it determines that resentencing him would pose an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f).)  The order denying the resentencing petition is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:


MOSK, J.


KRIEGLER, J.

3