Filed 1/14/16  P. v. Thomas CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B263376 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. VA061057) |
| WILLIAM ARTHUR THOMAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

_____

William Arthur Thomas appeals from the denial of his petition for recall of sentence under Proposition 36, the Three Strikes Reform Act of 2012. Given the Supreme Court's holding in *People v. Johnson* (2015) 61 Cal.4th 674, we reverse and remand for the trial court to exercise its discretion as authorized by Proposition 36.

## PROCEDURAL BACKGROUND AND ANALYSIS

On January 25, 2001, Thomas was convicted by a jury of kidnapping in violation of Penal Code section 207, subdivision (b), misdemeanor indecent exposure under Penal Code section 314, subdivision (l), and evading a peace officer in violation of Vehicle Code section 2800.2, subdivision (a). He was sentenced to consecutive indeterminate terms of 25 years to life under the Three Strikes law for the kidnapping and evasion counts. He was also sentenced to 180 days in county jail for the indecent exposure count.

On November 6, 2012, California voters passed Proposition 36, which amends the Three Strikes law to impose an indeterminate life sentence only on those defendants who are convicted of a third strike offense that is a serious or violent felony or where the prosecution pleads and proves an enumerated triggering factor. Otherwise, the defendant is sentenced as a second strike offender. (Pen. Code, §§ 667, subds. (e)(2)(A), (C), 1170.12, subd. (c)(2)(C).) Proposition 36 also authorizes an inmate currently serving a third-strike sentence for a nonviolent or nonserious felony to petition for resentencing under the amended statute. (Pen. Code, § 1170.126, subds. (a)-(b).) Proposition 36, however, fails to specify whether an inmate is disqualified from seeking a recall of his sentence if he was also convicted of a serious or violent felony.

On October 31, 2014, Thomas filed a petition to recall his sentence for evading a peace officer on the ground it is not a serious or violent crime. Thomas argued he was entitled to be resentenced as a second strike offender as to that count. The trial court denied Thomas' petition on March 20, 2015, reasoning that his conviction for kidnapping, a violent felony pursuant to section 667.5, subdivision (c)(14), made him ineligible for resentencing under Proposition 36. Thomas timely appealed on April 3, 2015.

2

On July 2, 2015, the California Supreme Court resolved the ambiguity in Proposition 36 and held, "an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*People v. Johnson, supra,* 61 Cal.4th at p. 695.)  Accordingly, we reverse the denial of Thomas' petition.

## DISPOSITION

The denial of Thomas' petition for recall of sentence is reversed and the matter remanded for the trial court to exercise its discretion as authorized under Penal Code section 1170.126.

BIGELOW, P.J.

We concur:

RUBIN, J.

FLIER, J.