Filed 2/2/16  P. v. Moore CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062780 |
| v. | (Super.Ct.No. FSB21863) |
| RONNIE GENE MOORE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Ronnie Moore is serving a prison sentence of 86 years to life under the Three Strikes law after a jury convicted him in 2000 of two counts of second degree commercial burglary (Pen. Code, § 459)[1] and two counts of second degree robbery (§ 211). Defendant appeals from the trial court's denial of his petition for recall of sentence under Proposition 36. Defendant argues, the People concede and this court agrees that, under *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), defendant's robbery convictions do not disqualify him from eligibility for resentencing as to the burglary convictions. We remand to the trial court to determine whether defendant otherwise qualifies for resentencing, given his very extensive criminal record, including a prior conviction for rape.

## DISCUSSION

In February of 1999, defendant returned to the same gas station market on several occasions to steal cigarettes. On one occasion he threatened the store clerk after the clerk pushed the alarm button. On the last occasion, February 17, 1999, defendant went directly to the front counter, picked up the entire rack of cigarettes and walked out with them.

On February 7, 1999, defendant went into another business, picked up a display case of watches and took it out to a waiting vehicle. The clerk followed defendant and jumped on top of the vehicle as it drove away. The clerk got his feet into the passenger compartment and began to kick defendant. Defendant grabbed a handgun, but the clerk

---

[1] Section references are to the Penal Code unless otherwise indicated.

kicked it out of his hand. The driver then handed defendant a club, which defendant used to strike the clerk. The clerk stated he wanted to get out of the car. The driver allowed him to do so.

On the night of February 17-18, 1999, defendant ran from officers trying to arrest him and elbowed one in the nose. He refused to cooperate even after one officer tackled him to the ground. Defendant was eventually handcuffed and arrested after backup officers arrived on the scene.

On August 7, 2000, the People filed an information charging defendant with two counts of second degree commercial burglary, two counts of second degree robbery, and one count of misdemeanor battery on a police officer (§ 243, subd. (b)). The People also alleged defendant had three prior strike convictions (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), four prior prison convictions (§667.5, subd. (b)) and three prior serious felony convictions (§ 667, subd. (a)(1)).

On August 16, 2000, a jury convicted defendant of the burglary and robbery charges. The following day the trial court found true all three strike priors, two of the prison term priors and the three serious felony priors.

On December 1, 2000, the court sentenced defendant to a total term of 86 years to life.

On May 23, 2013, the superior court read and considered defendant's petition filed under section 1170.126. The court denied the petition on the ground that "Petitioner does

not satisfy the criteria in PC1170.126(e) and is not eligible," and noted that "Defendant's current commitment offenses include 2 counts of robbery PC211 a serious felony."

On November 10, 2014, defendant filed a handwritten document which the superior court deemed to be a "Petition for Recall of Sentence pursuant to PC1170.126." On January 8, 2015, the court denied the petition "for the same reasons stated on 5/23/13."

This appeal followed.

## DISCUSSION

The Three Strikes Reform Act of 2012, added by Proposition 36 (as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Proposition 36 or the Act) created a postconviction release proceeding for third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies. (See §§ 667, 1170.12, 1170.126.) If such an inmate meets the criteria enumerated in section 1170.126, subdivision (e), he or she will be resentenced as a second strike offender unless the court determines such resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.)

As relevant here, in order for an inmate to be eligible for resentencing under the Act, he or she must be serving an indeterminate term of life imprisonment imposed under the Three Strikes law "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) Defendant's convictions for second degree

commercial burglary meet this requirement; however, his convictions for second degree robbery do not. (§§ 667.5, subd. (c)(9) & 1192.7, subd. (c)(19).)

Defendant correctly argues that his robbery convictions do not make him ineligible for resentencing on his burglary convictions. The California Supreme Court has resolved a split of authority on the issue of the eligibility for resentencing of an inmate serving an indeterminate life sentence for several offenses, only some of which are neither serious nor violent felonies. (*Johnson*, *supra*, 61 Cal.4th at p. 674.) The court rejected the argument that "resentencing is allowed only if all of a prisoner's current offenses are neither serious nor violent . . . ." (*Id*. at p. 688.) It held that an inmate's eligibility for resentencing must be evaluated on a count-by-count basis (*ibid*.), and the inmate "is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*Id*. at p. 695.)

The People concede that defendant's current convictions for second degree commercial burglary are not defined as violent felonies by section 667.5, subdivision (c), or as serious felonies by section 1192.7, subdivision (c). Because "the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis" (*Johnson*, *supra*, 61 Cal.4th at p. 688), defendant is entitled to a remand so the superior court can determine whether defendant is otherwise eligible for resentencing and, if so, the court can exercise its discretion to determine whether resentencing him on the burglary

convictions only "would pose an unreasonable risk of danger to public safety" (§ 1170.126, subd. (f)).

## DISPOSITION

This matter is remanded to the superior court to determine whether, apart from the two robbery convictions from 2000, defendant is eligible for resentencing on the burglary convictions. If appellant is eligible for resentencing, the superior court will then exercise its discretion under section 1170.126, subdivision (f)), to determine whether to resentence defendant. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.