Filed 2/4/16  P. v. Velasquez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>RAYMOND MICHAEL VELASQUEZ,<br><br>  Defendant and Appellant. | G050800<br><br>(Super. Ct. No. 96NF2175)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Reversed and remanded.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Raymond Michael Velasquez appeals from an order dismissing his petition for resentencing under Penal Code section 1170.126 (all further undesignated statutory references are to this code). Velasquez was sentenced to two concurrent terms of 25 years to life for committing an armed robbery and being a felon in possession of a firearm, and to a consecutive term of 25 years to life for a count of heroin possession. He acknowledges he is ineligible for resentencing on the concurrent indeterminate life terms imposed for the armed robbery and gun possession counts, but argues the trial court erred in ruling that his ineligibility on those counts also rendered him ineligible for resentencing on the separate drug possession count.

We agree. In July 2015, after the parties concluded their briefing in this case, our Supreme Court issued its opinion in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), ruling "that [section 1170.126] requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Id*. at p. 688.) Applying that ruling here means Velasquez remained eligible for resentencing on the drug possession count, even though he was admittedly ineligible on the other counts for which he was also sentenced to separate indeterminate life terms under the "Three Strikes" law. Consequently, we reverse and remand the case to the trial court for a determination of whether resentencing Velasquez on the drug possession count would present "an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

FACTS

In March 1997, Velasquez was convicted of robbery (§ 211), of being a felon in possession of a firearm on the day of the robbery (§ 12021.1, subd. (a)), and of

2

being in possession of heroin when he was arrested for the robbery two weeks later (Health & Saf. Code, § 11350, subd. (a)). The jury also found he personally used a firearm during the robbery, but acquitted him on a count alleging he was also in possession of a firearm on the day he was arrested. Velasquez was sentenced to a term of 25 years to life for the robbery, a concurrent term of 25 years to life for the firearm possession, and a consecutive term of 25 years to life for the heroin possession. He was also sentenced to (1) an additional four years for his personal use of a firearm during the robbery, (2) an additional three years for prior prison terms, and (3) an additional 10 years for prior serious felony convictions, for a total term of 67 years to life.

In September 2014, following the passage of Proposition 36, Velasquez petitioned for recall of his sentence pursuant to section 1170.126, and specifically asked the trial court to impose a new sentence incorporating a term of only 32 months (16 months, doubled) on the count of heroin possession, rather than the consecutive 25 years to life term originally imposed on that count. He did not ask the court to alter the two concurrent terms of 25 years to life imposed on the robbery and firearm possession counts.

The district attorney filed a motion to dismiss Velasquez's petition, arguing he was not eligible for resentencing because his "current offense" – referring specifically to the armed robbery count – qualified as a serious or violent felony which rendered him ineligible for resentencing relief, and because he was armed during the commission of that offense. The trial court agreed with the district attorney, noting that "disqualification on one count renders the whole case ineligible," because "eligibility under [section] 1170.126 is determined by the judgment as a whole and not per offense."

3

DISCUSSION

This case was fully briefed in June 2015, one month before the Supreme Court issued its opinion in *Johnson*. Although the Attorney General's brief maintained the position taken by the district attorney below – i.e., that an inmate's eligibility for resentencing under section 1170.126 was determined by examining the judgment as a whole rather than each count separately, her office also notified us promptly after *Johnson* was decided, and acknowledged the case established a contrary rule.

As the Supreme Court explains in *Johnson*, "section 1170.126 is ambiguous as to whether a current offense that is serious or violent disqualifies an inmate from resentencing with respect to another count that is neither serious nor violent. Considering section 1170.126 in the context of the history of sentencing under the Three Strikes law and Proposition 36's amendments to the sentencing provisions, and construing it in accordance with the legislative history, we conclude that resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent. Because an inmate who is serving an indeterminate life term for a felony that is serious or violent will not be released on parole until the Board of Parole Hearings concludes he or she is not a threat to the public safety, resentencing with respect to another offense that is neither serious nor violent does not benefit an inmate who remains dangerous. Reducing the inmate's base term by reducing the sentence imposed for an offense that is neither serious nor violent will result only in earlier consideration for parole. If the Board of Parole Hearings determines that the inmate is not a threat to the public safety, the reduction in the base term and the resultant earlier parole date will make room for dangerous felons and save funds that would otherwise be spent incarcerating an inmate who has served a sentence that fits the crime and who is no longer dangerous." (*Johnson, supra*, 61 Cal.4th at pp. 694-695.)

4

Applying that decision in this case requires reversal of the trial court's order dismissing Velasquez's petition. Because Velasquez's conviction for possession of heroin did not qualify as either a serious or a violent felony, and he was acquitted of the charge of possessing a firearm on the date he possessed the heroin, we conclude he was eligible for resentencing on that count.

## DISPOSITION

The order dismissing Velasquez's petition is reversed and the case is remanded to the trial court for a determination of whether resentencing Velasquez on the heroin possession count would present "an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

RYLAARSDAM, ACTING P. J.

WE CONCUR:

MOORE, J.

THOMPSON, J.

5