Filed 9/20/23  P. v. Peterson CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B325807 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA039464) |
| v. | |
| CHRISTOPHER LEE PETERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Christopher Lee Peterson suffered two strike convictions, one in 1986 and another in 1992. A jury thereafter convicted him in 1997 of a third strike, first degree burglary, which is itself a serious felony (Pen. Code,[1] § 1192.7, subd. (c)(18)). As a result, the court sentenced Peterson to an indeterminate life imprisonment term pursuant to the Three Strikes law (§§ 667, 1170.12). After Peterson was sentenced, the voters passed Proposition 36, the Three Strikes Reform Act of 2012, which "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the [T]hree [S]trikes law for a crime *that is not a serious or violent felony* . . . may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168, italics added.)

Approximately 10 years after section 1170.126 became law, Peterson filed a petition for recall of his first degree burglary sentence pursuant to that section. The trial court found the petition untimely and that Peterson was in any event statutorily ineligible for relief because his commitment offense was and still is classified as a serious felony. Peterson now appeals that decision. We find no error and affirm.

## A.     Factual and Procedural Background

Prior to 1997, Peterson had suffered two strike convictions: a 1986 state conviction for first degree burglary and a 1992 federal conviction for bank robbery. After being released from prison on the bank robbery conviction, Peterson was arrested

---

[1] All unspecified statutory references are to the Penal Code.

again and charged in an amended information filed on February 18, 1997, with one count of first degree burglary (former § 459).

Evidence at trial[2] showed that law enforcement officers responded to a report of a person climbing the backyard fences of several residences. Officers observed Peterson scrambling out of a residence's open window carrying a black bag. The bag was later recovered and turned out to be empty. Other evidence showed Peterson had pried the screen from the window to access the residence. Peterson had removed a roll of dimes worth approximately $5 from the house; there was no other loss. Officers pursued Peterson but lost sight of him. He was captured approximately three hours later after a containment area was set up.

After trial, the jury convicted Peterson of first degree burglary, rejecting the alternative of second degree burglary. At a later bench trial, the trial court found that Peterson had suffered two prior serious or violent felony convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), two prior serious felony convictions (§ 667, subd. (a)(1)), and had served two prior prison terms (§ 667.5, subd. (b)). The trial court denied Peterson's motion to strike one or more of these two prior convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). On May 14, 1997, the trial court sentenced Peterson to a total of 35 years to life in

---

[2] Due to the unavailability of any other record evidence, we base our factual recitation on the probation officer's report and our prior opinion in this matter following Peterson's direct appeal after trial, *People v. Peterson* (Sept. 30, 1998, B112729) [nonpub. opn.].

3

prison, comprised of an indeterminate term of 25 years to life on the first degree burglary count, plus two consecutive five-year terms for the prior serious felony enhancements. We affirmed the judgment on appeal. (*People v. Peterson*, *supra*, B112729.)

Approximately 14 years later, "[o]n November 6, 2012, the electorate passed Proposition 36, the Three Strikes Reform Act of 2012." (*People v. Johnson* (2015) 61 Cal.4th 674, 679.) Proposition 36 (codified at section 1170.126) provides for discretionary resentencing in some cases in which third-strike sentences were imposed for felony convictions that are neither serious nor violent. (*People v. Johnson*, *supra*, at p. 679; see also § 1170.126.) Those seeking resentencing under section 1170.126 were to file their petitions "within two years after the effective date of the act [the effective date being November 7, 2012] . . . or at a later date upon a showing of good cause." (§ 1170.126, subd. (b).)

On September 16, 2022, Peterson filed a petition for recall of his sentence pursuant to section 1170.126. The trial court denied the petition, finding Peterson's first degree burglary conviction disqualified him from relief. The trial court further found that Peterson failed to establish good cause excusing the filing of his petition outside the presumptive two-year limitations period specified in section 1170.126.

## B.   Peterson is Ineligible for Relief Under Section 1170.126

Although there is a substantial question about the timeliness of Peterson's petition given that it was filed approximately eight years after the presumptive cutoff date set forth in section 1170.126, we need not address whether good cause existed for Peterson's delay because his petition was

4

properly denied even if it was timely filed. Under the plain language of section 1170.126, Peterson is ineligible for relief because his third strike commitment offense (first degree burglary) is classified as a serious felony. (§§ 1170.126, subd. (b), 1192.7, subd. (c)(18).)

Peterson argues the record does not support his first degree burglary conviction qualifying as a violent felony under section 667.5, subdivision (c)(21). But section 1170.126 precludes relief when the commitment offense is classified as a "serious and/or violent" felony (§ 1170.126, subd. (b)), and it is undisputed Peterson's commitment offense is classified as a serious felony. That it might not also qualify as a violent felony is therefore immaterial.

Peterson further appears to argue the criminal conduct at issue was relatively minor and not "serious" in the everyday use of that word, and the trial court therefore erred in not looking at the facts underlying the first degree burglary conviction before concluding his commitment offense was a serious felony. The statutory language, however, unambiguously states the court must look to the statutory classification of the commitment offense to determine whether the offense was serious or violent, not the facts underlying that offense. (*People v. Johnson*, *supra*, 61 Cal.4th at pp. 684, 687.) Section 1170.126 states that to be eligible for relief among other things the defendant's commitment offense must be "a felony or felonies that are not defined as serious" by "subdivision (c) of [s]ection 1192.7." (§ 1170.126, subd. (b).) Because section 1192.7, subdivision (c) defines first degree burglary as a serious felony, the trial court did not have discretion to re-classify the offense based on its own view of the underlying conduct.

Peterson lastly argues that his conduct (breaking into a residence and stealing approximately $5) was sufficiently minor that it is unjust to classify his offense as a serious felony and sentence him to an indeterminate life term. The wisdom and efficacy of the three strikes approach to sentencing is a topic of public debate. Some members of the public would likely agree with Peterson's view that there should be exceptions for serious felonies such as the first degree burglary he committed in which only $5 was stolen. Others would likely disagree given Peterson's history of recidivism, including that he was paroled from federal prison on his bank robbery conviction just months before he broke into a residence to steal whatever he could. Peterson makes no equal protection or Eight Amendment cruel and unusual punishment argument.[3] He instead asserts his own personal view about the fairness of section 1170.126 excluding him from relief. Such value judgments are for the Legislature to resolve, and not this court, as "the Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887), and courts "cannot insert [their] own policy concerns into the analysis" (*People v. Acosta* (2021) 60 Cal.App.5th 769, 781).[4]

---

[3] Peterson did make an Eight Amendment argument in his direct appeal, which we rejected. (*People v. Peterson, supra,* B112729.)

[4] In his reply brief, Peterson argues for the first time that the trial court should have revisited the sentencing court's denial of his *Romero* motion to dismiss one of his prior strikes. Peterson has waived this argument by failing to raise it below or in his

6

## DISPOSITION

The order denying the petition for recall of sentence under section 1170.126 is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

---

opening brief.  (*People v. Investco Management & Development LLC* (2018) 22 Cal.App.5th 443, 460, fn. 4.)  Even if this argument was not waived, it is meritless because section 1170.126 does not provide a mechanism to collaterally attack the sentencing court's denial of a *Romero* motion.