Filed 1/7/25  P. v. Bowser CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD BOWSER,<br><br>    Defendant and Appellant. | F087271<br><br>(Super. Ct. No. SC076439A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Stephanie Renee Childers, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberly A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and Meehan, J.

In 1999, the trial court sentenced Edward Bowser to 25 years to life under the former Three Strikes law, plus an additional year for a prior prison term enhancement. In 2023, Bowser appeared for resentencing pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483) (Stats. 2021, ch. 728, § 3), codified as Penal Code section 1172.75 (formerly § 1171.1).[1] At the hearing, the trial court struck Bowser's prior prison term enhancement, but otherwise left his sentence intact. Bowser appeals, arguing the trial court erred in resentencing him pursuant to section 1172.75 without applying the revised penalty provisions of the Three Strikes Reform Act of 2012 (Reform Act or Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)). The People concede that Bowser was entitled to such a resentencing. We are not bound by the People's concession and affirm.[2]

### FACTUAL AND PROCEDURAL BACKGROUND

In February 1999, the Kern County District Attorney filed an information charging Bowser with one count of possession of methamphetamine (.12 grams) (Health & Saf. Code, § 11377, subd. (a)) and one misdemeanor count of possession of drug paraphernalia (Health & Saf. Code, § 11364). The information alleged Bowser had suffered two strike priors, consisting of a section 288, subdivision (a) lewd and lascivious conduct conviction on May 11, 1982, involving his six- and one-half-year-old sister, and another section 288, subdivision (a) lewd and lascivious conduct conviction on January 5, 1990, involving his seven-year-old niece (§§ 1170.12 (a)-(e) and 667 (c)-(j)). It further alleged Bowser had two prison priors (§ 667.5, subd. (b).)

On April 15, 1999, the jury found Bowser guilty of both counts. In a bifurcated proceeding, the trial court found all prior allegations, except one prison prior, to be true.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     As a general rule, we are not bound by concessions made by the People in a criminal case. (*People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1021.)

On May 13, 1999, the court denied Bowser's request to reduce his conviction to a misdemeanor or strike one or both of his strike priors and his prison prior. The court imposed 25 years to life on the felony count, and a consecutive year for the prison prior, for a total of 26 years to life.

In 2012, after Bowser's sentencing, the electorate passed the Reform Act, which provides that some third strike defendants whose current offense is not a serious or violent felony "are excepted from the provision imposing an indeterminate life sentence [citation] and are instead sentenced in the same way as second strike defendants [citation]: that is, they receive a term equal to 'twice the term otherwise provided as punishment for the current felony conviction' [citation]." (*People v. Conley* (2016) 63 Cal.4th 646, 653 (*Conley*).) Section 1170.126 established the procedure for an eligible defendant to seek resentencing under the Reform Act.

Effective in 2020, the Legislature limited the circumstances in which a prior prison term enhancement (§ 667.5, subd. (b)) may apply and, effective in 2022, enacted section 1172.75 allowing for resentencing in certain cases. Under section 1172.75, for eligible cases with a legally invalid prior prison term enhancement, the trial court in resentencing a defendant "shall ... apply any other changes in law that reduce sentences." (*Id.*, subd. (d)(2).)

On October 30, 2023, the court, sua sponte, set a section 1172.75 hearing for November 27, 2023, and referred the case for a supplemental probation officer's report. On November 16, 2023, Bowser filed a sentencing statement asking that the trial court strike the invalid section 667.5, subdivision (b) prior. The statement further listed various factors in mitigation and asked that he be resentenced to a total term of six years on his third strike (possession of methamphetamine), because "[t]oday the 3 strikes law does not allow a 25 year to life sentence when the new felony charges are not listed as a violent or serious felony."

At the November 27, 2023, hearing, counsel for Bowser argued that Bowser had two serious prior convictions, but that his third strike was for "a very small amount" of methamphetamine, and asked that the trial court "strike his burglary[3] and one of the 288s" and sentence him to "no more than 16 [months], 2 [years] or 3 [years] doubled." Counsel argued that Bowser, now age 60, had already served almost 25 years since his imprisonment in 1999. Counsel argued further that Bowser suffers from epilepsy, severe depression, asthma, and pulmonary cardiac disease. Counsel represented that Bowser completed several programs, including anger management, victim awareness, and narcotic and alcoholic programs, and that he had held regular prison jobs despite his poor health, and has stayed out of trouble.

Bowser testified that he received a "Laudatory Chrono" from the prison thanking him for his work in the dining hall during the Covid-19 pandemic. Bowser explained that he had matured and had tried to work on himself, and would avoid children if released.

The prosecution introduced Exhibit 1[4] and argued that Bowser was a "recidivist child molester" who victimized two children, ages six and seven, and should not be granted further relief "given the relative lack of any mitigating circumstances that have been presented since his incarceration."

The court found there were no circumstances in mitigation and many in aggravation, including Bowser's long criminal history, having spent most of the time between 1983 and the present in prison, as he frequently reoffended. The trial court struck the prison prior, but denied Bowser's request to strike any of his prior convictions

---

**3**     It appears that counsel is referred to the information, which initially alleged a prior prison term for burglary (§ 459), but that was crossed off and replaced with an allegation of a prior prison term for lewd and lascivious conduct (§ 288, subd. (a)). The probation report shows a prior conviction for burglary (§ 459) in July of 1984.

**4**     Bowser's "rap sheet." The exhibit does not appear in the record.

and be resentenced on his third strike.  The trial court reduced Bowser's sentence to 25 years to life.

## DISCUSSION

The issue in this case focuses on the interplay of two ameliorative changes made to our state's sentencing laws — the Reform Act and section 1172.75 — each of which has its own resentencing mechanism.  Bowser was most recently considered for resentencing under section 1172.75's recall and resentencing procedure.  Bowser argues that, because section 1172.75 requires the trial court to conduct a full resentencing hearing (subd. (d)(2)), it was required to apply the ameliorative sentencing changes adopted by voters in the Reform Act.

We first provide a brief overview of (1) the Reform Act, including resentencing under section 1170.126, and (2) the more recent legislative change regarding resentencing under section 1172.75 due to invalid prior prison term enhancements. We then turn to the issue of whether the trial court erred when it resentenced Bowser to an indeterminate term, but find no error.

### Three Strikes Reform Act of 2012

Under the Three Strikes law as originally enacted in 1994, "a felony defendant who had been convicted of a single prior serious or violent felony (a second strike defendant) was to be sentenced to a term equal to 'twice the term otherwise provided as punishment for the current felony conviction.'  [Citation.]  By contrast, a defendant who had been convicted of two or more prior serious or violent felonies (a third strike defendant) was to be sentenced to 'an indeterminate term of life imprisonment with a minimum term of' at least 25 years." (*Conley, supra,* 63 Cal.4th at p. 652.)

In 2012, voters enacted Proposition 36, the Three Strikes Reform Act of 2012. (*Conley, supra,* 63 Cal.4th at p. 651.)  "The Reform Act changed the sentence prescribed for a third strike defendant whose current offense is not a serious or violent felony.

5.

[Citation.] Under the Reform Act's revised penalty provisions, many third strike defendants are excepted from the provision imposing an indeterminate life sentence [citation] and are instead sentenced in the same way as second strike defendants [citation]: that is, they receive a term equal to 'twice the term otherwise provided as punishment for the current felony conviction' [citation]." (*Id.* at pp. 652-653; see, e.g., § 1170.12, subd. (c)(1), (2)(A) & (C).) The Reform Act contains exceptions to these revised penalty provisions, and those exceptions "relate to a defendant's current offense and prior offenses." (*People v. Johnson* (2015) 61 Cal.4th 674, 681 (*Johnson*); see § 1170.12, subd. (c)(2)(C)(i)–(iv).)[5]

The Reform Act "also enacted a procedure governing inmates sentenced under the former Three Strikes law whose third strike was neither serious nor violent, permitting them to petition for resentencing in accordance with Proposition 36's new sentencing provisions." (*People v. Valencia* (2017) 3 Cal.5th 347, 350.) Specifically, section 1170.126 provides that "persons presently serving an indeterminate term of imprisonment" under the prior version of the Three Strikes law "may file a petition for a recall of sentence, within two years after the effective date of the act ... or at a later date

---

[5] Specifically, a "defendant does not qualify for this ameliorative change ... if [the defendant's] current offense is a controlled substance charge involving large quantities [citation], one of various enumerated sex offenses [citation], or one in which he [or she] used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury [citation]. The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death. [Citation.] The Act provides that these disqualifying factors must be pleaded and proved by the prosecution." (*Conley, supra,* 63 Cal.4th at p. 653.) The prior convictions mentioned are sometimes referred to as "super strikes" (*Johnson, supra,* 61 Cal.4th at p. 681; § 1170.12, subds. (c)(3)(C)(iv)(I)-(VII)), and it is of note that the specified prior offenses include convictions of section 288, of which Bowser has two (§ 1170.12, subds. (c)(3)(C)(iv)(III)).

6.

upon a showing of good cause, before the trial court that entered the judgment of conviction ... to request resentencing ...." (§ 1170.126, subds. (a) & (b); see *Conley, supra,* 63 Cal.4th at p. 653.) "Like a defendant who is being sentenced under the new provisions, an inmate is disqualified from resentencing if any of the exceptions ... are present." (*Johnson, supra,* 61 Cal.4th at p. 682.)

"In contrast to the rules that apply to sentencing [under section 1170.12], ... the rules governing resentencing [under section 1170.126] provide that an inmate will be denied recall of his or her sentence if 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Johnson, supra,* 61 Cal.4th at p. 682.) "In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court ... determines to be relevant.' ([§ 1170.126], subd. (g).)" (*Conley, supra,* 63 Cal.4th at p. 653.)

*Resentencing Under Section 1172.75*

Before January 2020, subdivision (b) of section 667.5 permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, however, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses. (Stats. 2019, ch. 590, § 1.) The Legislature later declared that prior prison term enhancements imposed before January 1, 2020, were "legally invalid" if the enhancement was imposed for a prior conviction other than a sexually violent offense. (§ 1172.75, subd. (a), formerly § 1171.1, subd. (a); see *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282.)

Section 1172.75 sets forth the procedure for resentencing if the defendant's sentence includes a legally invalid prior prison term enhancement. Specifically, the trial court "shall recall the sentence and resentence the defendant" "[i]f the court determines

that the current judgment includes" a legally invalid prior prison term enhancement as described in section 1172.75, subdivision (a). (*Id.*, subd. (c).)

Section 1172.75, subdivision (d) sets forth several rules regarding the resentencing. First, "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) Second, "[t]he court shall apply the sentencing rules of the Judicial Council and *apply any other changes in law that reduce sentences* or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2), italics added.) Third, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).) Fourth, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

*Interplay Between Section 1170.126 and 1172.75*

Bowser argues that, because section 1172.75 requires the trial court to apply "any other changes in law that reduce sentences or provide for judicial discretion" at resentencing (§ 1172.75, subd. (d)(2)), the trial court was required to apply the Reform

Act's revised sentencing rules (§ 1170.12) without regard to the Reform Act's distinct resentencing mechanism (§ 1170.126).

Every single Court of Appeal to consider this question has held that the resentencing provisions of section 1170.126 provide the exclusive mechanism for reducing a third strike sentence for a nonserious and nonviolent felony, and that "applying the revised penalty provisions of the ... Reform Act to reduce a defendant's indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the voter-approved ... Reform Act." (*People v. Superior Court (Williams)* (2024) 102 Cal.App.5th 1242, 1250 (*Williams*), review granted Aug. 28, 2024, S286128; accord, *People v. Santos* (2024) 100 Cal.App.5th 666 (*Santos*), review granted May 29, 2024, S284341; *People v. Kimble* (2024) 99 Cal.App.5th 746 (*Kimble*), review granted Apr. 24, 2024, S284259; *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978 (*Guevara*), review granted Mar. 12, 2024, S283305.)

Bowser urges us to adopt the view of the lone justice that has dissented from this view (*Guevara, supra,* 97 Cal.App.5th at pp. 988-995 (dis. opn. of Baltodano, J.)), requiring resentencing him as a two-striker, or remanding for resentencing to determine whether there was clear and convincing evidence that imposing a lesser sentence would endanger public safety. The People respond that they agree with Bowser in part, arguing that the provisions of section 1172.75, when read in conjunction with the modifications to section 1170.126 under the Reform Act, entitled Bowser to a full resentencing hearing under both provisions, although they acknowledge that the courts in *Kimble*, *Guevara*, and *Santos* have rejected this position.

We reject the argument, as we explain further.

*Analysis*

9.

We agree with the opinions to date that have analyzed the issue of whether it is appropriate to consider the applicability of the Reform Act in a section 1172.75 hearing, all of which have rejected the position advocated by Bowser and the People.

We have several problems with this position, all of which prior courts have noted. First, such a construction of section 1172.75 would unconstitutionally amend section 1170.126. The Reform Act "allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership. (Prop. 36, § 11, subd. (b).) Senate Bill No. 483 … , codified as section 1172.75 did not pass the Senate with a two-thirds vote. [Citation.]" (*Guevara, supra,* 97 Cal.App.5th at p. 985.)

In addition, the parties' interpretation of section 1172.75 would unconstitutionally amend section 1170.126 by eliminating the requirement that a resentencing petition for a pre-Reform Act Three Strikes sentence be filed within two years of the effective date of the Reform Act (in other words, no later than November 2014), and only later upon a showing of good cause. (*Williams, supra,* 102 Cal.App.5th at p. 1267.)

We also find that applying the Reform Act as the parties urge would frustrate section 1172.75, subdivision (d)(2)'s intent to promote uniformity of sentencing by carving out a favorable exception for a specific subset of defendants — those sentenced under the former Three Strikes law who may be eligible for resentencing as second strike offenders and who received a prior prison term enhancement within the gambit of Senate Bill 483. "This exception would grant those defendants mandatory relief under the Reform Act, requiring the court to resentence them as second strike offenders, while leaving otherwise similarly-situated inmates with only the Reform Act's (time-limited) petition process as a path to resentencing, with its assessment of disqualifying factors and discretionary weighing of safety and recidivism considerations. Such a result would be at odds with Senate Bill 483's plainly stated objective of promoting uniformity, and eliminating disparities, in sentencing." (*Kimble, supra,* 99 Cal.App.5th at p. 755.)

10.

Despite the above, the parties urge us to adopt the view expressed by Justice Hernaldo Baltodano in his dissent in *Guevara, supra,* 97 Cal.App.5th at pages 988-995. That view rests on the assertion that a resentencing under section 1172.75 is a full resentencing, and therefore a defendant like Bowser is entitled to be resentenced as though he was just convicted of a nonviolent and nonserious offense. We reject that premise for the same reason the majority in *Guevara* did, namely that the portion of Bowser's sentence mandated by the Three Strikes law was not vacated and thus not subject to resentencing in a section 1172.75 proceeding. (*Guevara*, *supra*, at p. 986.) Simply put, "because section 1172.75 was not enacted by a two-thirds vote of both houses of the Legislature, it is not the mechanism for relief for those serving an indeterminate term pursuant to the Reform Act." (*Id.* at p. 987.) With regard to his third strike sentence, Bowser "is entitled to resentencing only upon a successful petition under section 1170.126." (*Santos, supra,* 100 Cal.App.5th at p. 676.)

*The People's Additional Argument*

As noted above, the People agreed with Bowser that it is appropriate for the trial court to consider the amendments to the Reform Act in a section 1172.75 resentencing hearing, an argument we have rejected above. Because we do so, we need not address the People's further argument that here the trial court did consider the Reform Act and correctly sentenced Bowser to an indeterminate term.

## DISPOSITION

The judgment is affirmed.

11.