Filed 2/23/26  P. v. Moreno CA2/1
Opinion following transfer from Supreme Court
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B333875 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA039438) |
| v. | |
| EDDIE FERNANDO MORENO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Remanded with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran, Kristen J. Inberg, Seth P. MCutcheon and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

# INTRODUCTION

In 2003, the trial court sentenced defendant Eddie Fernando Moreno to an aggregate term of 80 years to life imprisonment. The sentence included indeterminate third strike terms under the original "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d))[1] as well as three one-year prior-prison-term enhancements under section 667.5, former subdivision (b).

In 2023, the superior court resentenced Moreno pursuant to section 1172.75 to an aggregate term of 51 years to life. The court struck the now-invalid prior-prison-term enhancements and made other changes from the original sentence, including which terms ran consecutively or concurrently, but left intact Moreno's indeterminate third strike sentences.

Moreno appealed from his resentencing and we affirmed. (*People v. Moreno* (Sept. 16, 2024, B333875) [nonpub. opn.].) Moreno petitioned for review; our Supreme Court granted that request and deferred Moreno's appeal pending the disposition of *People v. Superior Court (Guevara)* 18 Cal.5th 838 (*Guevara*). After issuing *Guevara*, the Supreme Court remanded Moreno's appeal to this court with directions to vacate our prior decision and reconsider the cause in light of *Guevara.*

Having now done so, we remand for a new resentencing hearing.

---

[1] Unspecified statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

## A. Offense Conduct, Conviction, and Initial Sentence

In November 2001, while Elena Hiller was packing her belongings into her truck, Moreno approached her with a knife and demanded she hand over her wallet. When Hiller told him she only had one dollar, Moreno demanded the keys to her truck, made her get into the vehicle with him, and drove away with her in the truck. After driving a few blocks, Moreno took Hiller's wallet, forced her out of the truck, and drove away. About a week later, officers observed Moreno driving the truck. They tried to initiate a traffic stop but Moreno sped away and evaded the pursuing police vehicle for five or six miles before the chase ended. When Moreno was arrested the police found a knife and cocaine on his person.

In 2003, a jury convicted Moreno of carjacking (§ 215, subd. (a); count 1), robbery (§ 211; count 2), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 3), evading an officer (*id*., § 2800.2, subd. (a); count 4), and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 5). As to counts 1 and 2, the jury also found that Moreno used a knife (§ 12022, subd. (b)(1)-(2)).

The trial court found true the allegations that Moreno had suffered two prior serious or violent felony juvenile adjudications for robbery with the use of a firearm and robbery with the use of a deadly weapon, which both qualified as strikes within the meaning of the Three Strikes law, and that he had served three prior prison terms (§ 667.5, former subd. (b)). The court sentenced Moreno to an aggregate prison term of 80 years to life, composed of third-strike terms of 26 years to life on count 1, 26

3

years to life on count 2, and 25 years to life on count 4, as well as three years for the three prior-prison-term enhancements.[2]

## B.     The Reform Act and Moreno's Section 1170.126 Petition

The "voters enacted the [Three Strikes] Reform Act [of 2012 (Reform Act)], which amended state law to authorize indeterminate third strike life sentences only when the third felony conviction is 'serious or violent,' subject to enumerated disqualifying factors.  (§ 1170.12, subd. (c)(1), (2)(C).)  Instead of receiving an indeterminate term for a subsequent nonserious, nonviolent felony, the Reform Act provides that, under current law, defendants will be sentenced to 'twice the term otherwise provided as punishment for the current felony conviction.'  ([*Id*.], subd. (c)(1).)" *(Guevara, supra,* 18 Cal.5th at p. 851.)  The Reform Act also established a retrospective resentencing procedure, codified at section 1170.126, for defendants presently serving an indeterminate term of imprisonment whose sentence under current law would no longer be an indeterminate life sentence. *(Guevara,* at pp. 851-852.)  Eligible defendants "shall be resentenced . . . unless the court, in its discretion, determines that resentencing . . . would pose an unreasonable risk of danger to public safety."  (§ 1170.126, subd. (f).)

In March 2014, Moreno petitioned for relief under section 1170.126.  The court denied the petition.  The court construed language in section 1170.126 which states that "[a]n inmate is eligible for resentencing if[] [¶] . . . [¶] . . . [t]he inmate's current sentence was not imposed for *any* of the offenses" included in the

---

[2] Moreno received a stayed term of 25 years to life on count 3 and a concurrent term of 25 years to life on count 5.

list of violent and serious felonies (*id.*, subd. (e)(2), italics added) to mean that Moreno was eligible for relief only if *all* his current commitment offenses were nonserious and nonviolent. Because Moreno's current counts of conviction included serious and violent felonies, namely his carjacking and robbery convictions, the court found him ineligible for relief.[3]

## C. Section 1172.5 and Resentencing

"Effective January 1, 2020, the Legislature eliminated . . . one-year prior-prison-term enhancements [under section 667.5, former subdivision (b)] except in cases involving prior terms for sexually violent offenses. [Citation.] Two years later, the Legislature made the change retroactive. (Stats. 2021, ch. 728, §§ 1, 3.)" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1053-1054.) Section 1172.75 provides a resentencing process for inmates serving a term that includes a one-year prior-prison-term enhancement that is no longer valid.

In 2022, Moreno moved for resentencing under section 1172.75 following a referral by the Department of Corrections

---

[3] In 2015, our Supreme Court rejected the notion that section 1170.126, subdivision (e)(2) disqualifies an inmate from resentencing relief under the Reform Act unless all of the prisoner's current commitment offenses are nonserious and nonviolent. (*People v. Johnson* (2015) 61 Cal.4th 674, 688-695.) After acknowledging the statute's ambiguity, the court held "resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent." (*Id.* at p. 695.) The record does not indicate that Moreno sought to challenge the trial court's prior ruling regarding his eligibility for resentencing under section 1170.126 either before or after the Supreme Court decided *Johnson*.

and Rehabilitation.  Moreno requested dismissal of the three one-year prior-prison-term enhancements imposed as part of his sentence, reduction of count 5 to a misdemeanor pursuant to Proposition 47, and dismissal of one or more of his prior strikes pursuant to section 1385.  He also requested "a full resentencing" where he would receive the benefit of any other ameliorative sentencing provisions enacted after his prior sentence became final.

The superior court recalled Moreno's sentence and, on August 28, 2023, resentenced him.  The court struck the three one-year prior-prison-term enhancements, reduced count 5 to a misdemeanor, and stayed the sentence on count 2 pursuant to section 654.  The court denied Moreno's motion to dismiss his prior strikes pursuant to section 1385.  The court effectively left the remainder of Moreno's previous sentence in place, imposing a new sentence of 51 years to life.

## DISCUSSION

Moreno does not contend the trial court erred in resentencing him on either count 1 or count 2, as carjacking and robbery are both serious (§ 667.5, subd. (c)(9) & (c)(17)) and violent (§ 1192.7, subd. (c)(19) & (c)(27)) felonies and therefore not subject to the Reform Act provisions regarding nonserious, nonviolent third strike convictions.  Moreno instead argues that the superior court erred in failing to reduce his sentence for evading an officer (count 4), which is not a serious or violent felony, to a second-strike determinate term.  Moreno argues that we should remand the matter to the superior court for consideration of the Reform Act to the calculation of his sentence.

In light of *Guevara*, we agree.  Following remand, the court must determine whether resentencing Moreno on count 4 to a

6

determinate term would pose an unreasonable risk of danger to public safety as set forth in section 1170.126.

Prior to *Guevara*, we had held that, by permitting recall and resentencing of indeterminate third strike sentences, section 1172.75 unconstitutionally amended section 1170.126. *Guevera* concluded otherwise, holding that, "as a matter of constitutional avoidance, section 1172.75 incorporates section 1170.126's discretionary public safety override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act." (*Guevara*, *supra*, 18 Cal.5th at p. 850.) The high court remanded for the superior court to determine whether sentencing the defendant in *Guevara* under the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to public safety.' " (*Id*. at p. 878.) If it so determined, the superior court was to reimpose the indeterminate term. (*Ibid*.) "If the superior court does not determine that resentencing [the defendant] would 'pose an unreasonable risk of danger to public safety,' and [the defendant] is otherwise eligible under the Reform Act, the court shall resentence [the defendant] pursuant to the revised penalty provisions of the Reform Act." (*Ibid*.)

The superior court did not have the benefit of *Guevara*, meaning that it was not fully aware of the scope of its discretionary powers when it resentenced Moreno. We remand for resentencing because " 'the record [does not] "clearly indicate[]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion." ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 425.) The superior court made no finding about whether imposing a determinate term under the Reform Act on count 4 would pose an

7

unreasonable risk of danger to public safety as set forth in section 1170.126. We thus cannot tell whether the court would have resentenced Moreno on count 4 pursuant to the revised penalty provisions of the Reform Act if it had been aware of its discretion to do so.

## DISPOSITION

Moreno's sentence is vacated, and the matter is remanded for the superior court to conduct a resentencing consistent with *Guevara*. If the superior court determines when resentencing Moreno that sentencing him on count 4 under the revised penalty provisions of the Reform Act would pose an unreasonable risk of danger to public safety, the superior court is to reimpose the indeterminate term. If the superior court does not determine that Moreno would pose an unreasonable risk of danger to public safety, and Moreno is otherwise eligible under the Reform Act, the court shall resentence Moreno on count 4 pursuant to the revised penalty provisions of the Reform Act.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.          M. KIM, J.

8